UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
ALEX E. RINEHART, On Behalf of          :
Himself And All Others Similarly Situated,   :
                                        :
     Plaintiff,                    :
                                        :
vs.                                     :        Civil Action No: 08 Civ. 5598 (MGC)
                                        :
LEHMAN BROTHERS HOLDINGS INC.,  :
Richard S. Fuld, Jr., Michael L. Ainslie,   :
John F. Akers, Roger Berlind, Thomas H.   :
Cruikshank, Marsha Johnson Evans,       :
Christopher Gent, Roland A. Hernandez,   :
Henry Kaufman, John D. Macomber, Erin   :
M. Callan, Wendy M. Uvino, The          :
Employee Benefit Plans Committee, and    :
John Does 1-10,                         :
                                        :
     Defendants.                   :
-------------------------------------------------------x
JO ANNE BUZZO, individually and on      :
behalf of all others similarly situated,    :
                                        :
     Plaintiff,                    :
vs.                                     :        Civil Action No: 08 Civ. 6245 (UA)
                                        :
LEHMAN BROTHERS HOLDINGS INC.,  :
Wendy M. Uvino, Lehman Brothers         :
Holdings Inc. Employee Benefit Plans    :
Committee, John Does 1-10, Henry        :
Kaufman, John F. Akers, Roger S. Berlind,   :
Marsha Johnson Evans and Roland A.      :
Hernandez.                              :
                                        :
     Defendants.                   :
-------------------------------------------------------x
MONIQUE MILLER FONG, On Behalf Of  :
Herself And All Others Similarly Situated,   :
                                        :
     Plaintiff,                    :
                                        :
vs.                                     :        Civil Action No: 08 Civ. 6282 (UA)
                                        :

LEHMAN BROTHERS HOLDINGS INC.,   :
RICHARD S. FULD, JR., MICHAEL L.   :
AINSLIE, JOHN F. AKERS, ROGER S.   :
BERLIND, THOMAS H. CRUIKSHANK,   :
MARSHA JOHNSON EVANS, SIR   :
CHRISTOPHER GENT, JERRY A.   :
GRUNDHOFER, ROLAND A.   :
HERNANDEZ, HENRY KAUFMAN,   :
JOHN D. MACOMBER, ERIN M.   :
CALLAN, WENDY M. UVINO, THE   :
EMPLOYEE BENEFIT PLANS   :
COMMITTEE, and JOHN DOES 1-10,   :
                                                            :
            Defendants.                              :
-----------------------------------------------------x

### PLAINTIFF JO ANNE BUZZO'S MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM LEAD PLAINTIFF, INTERIM LEAD COUNSEL AND INTERIM LIAISON COUNSEL

Robert A. Izard
**IZARD NOBEL LLP**
20 Church St., 17th Floor
Hartford, CT 06103
*rizard@izardnobel.com*

Counsel for Plaintiff Jo Anne Buzzo and
Proposed Interim Lead Counsel

Ronen Sarraf
Joseph Gentile
**SARRAF GENTILE LLP**
11 Hanover Square, 2nd Floor
New York, NY 10005
*ronen@sarrafgentile.com*
*joseph@sarrafgentile.com*

Counsel for Plaintiff Jo Anne Buzzo and
Proposed Interim Liaison Counsel

Plaintiff Jo Anne Buzzo ("Buzzo " or "Plaintiff") submits this Memorandum of Law in Support of her Motion for Consolidation of Related Actions and Appointment of Interim Lead Plaintiff, Interim Lead Counsel and Interim Liaison Counsel.  Plaintiff respectfully requests that the Court appoint Jo Anne Buzzo as Interim Lead Plaintiff, Izard Nobel LLP ("Izard Nobel") as Interim Lead Counsel and Sarraf Gentile LLP ("Sarraf Gentile") as Interim Liaison Counsel in the above captioned ERISA actions.

## I. INTRODUCTION

Each of the proposed consolidated cases herein is a class action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") (the "ERISA Actions") against Lehman Brothers Holdings Inc. ("Lehman Brothers" or the "Company") and other fiduciaries of the Lehman Brothers Savings Plan ("Plan").  Plaintiff claims that the Defendants improperly permitted the Plan to invest in the Lehman Brothers Common Stock Fund ("Fund") when the prices of Lehman Brothers common stock and Fund shares were artificially inflated due to Defendants' misrepresentations and failures to disclose material adverse information concerning the nature and extent of the Lehman Brothers' financial exposure to the residential sub-prime mortgage market and the changes in valuation of Lehman Brothers assets tied to that residential sub-prime mortgage market.  Plaintiff primarily seeks relief on behalf of the Plan pursuant to section 502(a)(2) of ERISA, 29 U.S.C. § 1 132(a)(2), because the Plan sustained losses as a result of the imprudent investment of Plan assets in the Fund.  Under ERISA § 409, 29 U.S.C. § 1109, Defendants are responsible for restoring losses sustained by the Plan as a result of Defendants' breaches of their fiduciary duties.

Plaintiff submits for the Court's approval a proposed pretrial order.  The proposed order anticipates the parties' agreement on most elements of the orderly procedure of this action.  The

proposed order will not only promote the efficient conduct of this action, but is also consistent

with the recommendations of the Manual for Complex Litigation (4th ed. 2004) ("Manual") and

the requirements of Fed. R. Civ. P. 23(g).

## II. ARGUMENT

1.    **The ERISA Actions Meet the Requirements of FRCP 42(a) for Consolidation.**

The above-captioned ERISA Actions assert claims under ERISA against similar

defendants and involve common questions of law or fact.  When actions involving a common

question of law or fact are pending before a court, the court may order all the actions

consolidated; and it may make such orders concerning proceedings therein as may tend to avoid

unnecessary cost or delay.  Fed. R. Civ. P. 42(a).  See Johnson v. Celotex Corp., 899 F.2d 1281,

1285 (2d Cir.1990) ("In the exercise of discretion, courts have taken the view that considerations

of judicial economy favor consolidation"); Cole v. Schenley Industries, Inc., 563 F.2d 35, 39 (2d

Cir. 1977) ("Consolidation under Rule 42(a), Fed.R.Civ.P., is a procedural device designed to

promote judicial economy").

Where multiple actions turn on allegations that a company breached its fiduciary duties

under ERISA to plan participants and beneficiaries, consolidation pursuant to Fed. R. Civ. P.

42(a) is appropriate.  See Manual § 10.123 (in complex litigation, related proceedings should be

coordinated to further efficiency and effective case administration).  Consolidating these actions

would avoid the unnecessary waste of judicial resources and additional cost and delay to the

parties.  Because consolidation would be to the benefit of all parties involved, these actions

should be consolidated pursuant to Fed. R. Civ. P. 42(a).

2.    **The [Proposed] Pretrial Order No. 1 Establishes Orderly and Efficient Procedures for the Management of these Cases.**

Plaintiff further requests, for purposes of efficiency and effective administration, that additional class actions filed in or transferred to this district asserting claims under ERISA in connection with the above-stated allegations be consolidated herewith and subject to the Court's Order. In addition to providing for consolidation, the proposed order establishes orderly procedures for the captioning, filing and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions.

Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See* Manual § 11.21. In addition, this type of order has been used in numerous other cases in which the ERISA cases have been consolidated.

3.    **Buzzo Should Be Appointed Interim Lead Plaintiff**

On an interim basis pending class certification, Buzzo seeks to represent the interests of all of the participants and beneficiaries of the Plan who suffered similar losses as is required in an action on behalf of the Plan under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). She is well qualified for this fundamentally important role because of the detrimental effect the Defendant-fiduciaries' breaches had on her Plan account and her strong commitment to serve the best interests of the other Class members.

Specifically, Buzzo is a Plan participant who held Fund shares in her Plan account during the Class Period. These investments have been decimated by the failure of the fiduciaries of the

Plan to do what was necessary under the law to protect the Plan. She has stepped forward as a Class representative to seek relief on behalf of the Plan for the enormous losses that have been suffered in this case. Her interest is directly aligned with the other members of the Class in that pursuant to ERISA § 502(a)(2) – she seeks to restore to the Plan losses suffered by the Plan caused by Defendants' breaches of fiduciary duty.

Buzzo has shown her commitment to serve as Lead Plaintiff for the proposed Class by providing relevant information to proposed lead counsel and expressing a willingness to work closely with counsel to continue the prosecution of his case on behalf of the Plan and the proposed Class. She retained experienced counsel with unparalleled experience in this type of litigation to prosecute this action.

For these reasons, Plaintiff Jo Anne Buzzo respectfully requests that she be appointed Interim Lead Plaintiff in this case.

### 4.    Izard Nobel Should Be Appointed Interim Lead Counsel

The proposed order implements the procedures suggested by the Manual for complex, multi-party cases such as this by designating interim Lead Counsel for all plaintiffs. *See* Manual § 20.22. Plaintiff respectfully submits that such designation will promote the orderly progress of this litigation and ensure that Plaintiff is able to prosecute this litigation in an efficient and coordinated fashion.

As stated in the Manual for Complex Litigation, in determining lead counsel, courts should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Manual § 10.22.

-3-

In appointing class counsel, the court must consider the following four factors:

(1)     the work counsel has done in identifying or investigating potential claims in the action,

(2)     counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

(3)     counsel's knowledge of the applicable law, and

(4)     the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i). "If more than one adequate applicant seeks appointment as class

counsel, the court must appoint the applicant best able to represent the interests of the class."

Fed. R. Civ. P. 23(g)(2)(B).

Plaintiff proposes the following counsel structure:

Interim Lead Counsel for the Class:

> Robert A. Izard
> IZARD NOBEL LLP
> 20 Church St., 17th Floor
> Hartford, CT 06103
> Telephone: (860) 493-6293
> Facsimile: (860) 493-6290

Interim Liaison Counsel for the Class:

> Ronen Sarraf
> Joseph Gentile
> SARRAF GENTILE LLP
> 11 Hanover Square, 2nd Floor
> New York, NY 10005
> Telephone: (212) 868-3610
> Facsimile: (212) 918-7967

Counsel for Plaintiff respectfully submits that when measured against the relevant four

factors set forth by the Manual, Buzzo's chosen counsel should be appointed lead counsel.

-4-

**A.    Izard Nobel Has Superior Experience in ERISA Class Actions and Depth of Knowledge of the Applicable ERISA Law**

Izard Nobel[1] has substantial experience with other class actions and, in particular, ERISA 401(k) plan class action litigation.  The firm has an extremely successful track record in ERISA class actions, including recoveries of $100 million (In re AOL Time Warner, Inc. Sec. and ERISA Litig., MDL Docket No. 1500 (SWK) (S.D.N.Y)), $40 million (In re Cardinal Health, Inc. ERISA Litig., No. 04-643 (S.D. Ohio)) and $29 million (Furstenau v. AT&T, et al., No. 02-5409 (D.N.J.)). The firm serves or has served as lead or co-lead counsel in numerous significant ERISA 401(k) plan breach of fiduciary duty cases, including the following:

- In re Merck & Co. Inc., Securities, Derivative & "ERISA" Litig., 05-2369 (D.N.J.);[2]

- Furstenau v. AT&T, et al., No. 02-5409 (D.N.J.);

- In re Tyco International, Ltd., Securities Litig., No. 02-1335-B (D. N.H.);

- In re AOL Time Warner, Inc. Securities and ERISA Litig., No. 02-1500 (S.D.N.Y);

- In re Sprint Corporation ERISA Litig., No. 03-2202 (D. Kan.);

- In re Reliant Energy ERISA Litig., No. 02-2051 (S.D. Tex.);

- In re AEP ERISA Litig., No. 03-67 (S.D. Ohio);

- In re JDS Uniphase Corp. ERISA Litig., No. 03-4743 (N.D. Cal.);

- In re Cardinal Health, Inc. ERISA Litig., No. 04-643 (S.D.Ohio);

- Spear v. Hartford Fin. Svcs Group. Inc., No. 04-1790 (D.Conn.);

- In re Bausch & Lomb, Inc. ERISA Litig., No. 06-6297 (W.D.N.Y.);

---

[1] Izard Nobel appeared in earlier ERISA actions under the firm's previous names "Schatz Nobel Izard, P.C." or "Schatz & Nobel, P.C."

[2] Izard Nobel is the Chair of the Lead Counsel Committee.

- <u>In re Diebold ERISA Litig.</u> No. 06-0170 (N.D. Ohio); and

- <u>In re Dell, Inc. ERISA Litig.</u>, No. 06-758 (W.D. Tex.).

Izard Nobel is on the Executive Committees in the following cases:

- <u>In re Enron Corporation Sec. and ERISA Litig.</u>, No. 02-13624 (S.D. Tex.);

- <u>In re Electronic Data Systems Corp. ERISA Litig.</u>, No. 03-1512 (E.D. Tex.); and

- <u>In re Marsh ERISA Litig.</u>, No. 04-8157 (S.D.N.Y.).

In ruling on vigorously contested motions for appointment of interim lead counsel, other Courts have recognized Izard Nobel's superior expertise in ERISA class actions. In the *Merck ERISA Litig.*, Judge Chesler stated, "What is clear is that Schatz & Nobel does have substantial experience in this area and much more experience than other contenders." <u>In re Merck Sec., ERISA and Deriv. Litig.</u>, No. 05-1157 (D.N.J. Apr. 18, 2005) at 24 (attached to the Declaration of Robert A. Izard ("Izard Decl.") as Exhibit A). Similarly, the <u>Tyco</u> court found that Izard Nobel and its co-counsel "have the necessary resources, skill and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims." <u>In re Tyco International, Ltd. Sec. Litig.</u>, Case No. 02-1335 (D.N.H. Dec. 20, 2002) at 2 (attached to the Izard Decl as Exhibit B). In <u>Cardinal</u>, the court also noted Izard Nobel's "extensive experience in ERISA litigation," the "high level of ERISA expertise" and "several well-argued briefs . . . on a range of issues." <u>In re Cardinal Health, Inc. ERISA Litig.</u>, 225 F.R.D.552, 555-6 (S.D.Ohio 2005).

Courts have recognized the superior results obtained by Izard Nobel as a result of its experience. For example, in the AOL Time Warner ERISA case, the Independent Fiduciary retained to review the $100 million settlement on behalf of the AOL Time Warner retirement plans expected the case to settle for only $70 million. <u>In re AOL Time Warner, Inc. Sec. and</u>

ERISA Litig., No. 02-CV-1500 (S.D.N.Y), Report & Recommendation of Special Master dated

August 7, 2007 at 7 (attached as Exhibit C to the Izard Decl.), approved by the Court by

Memorandum Opinion dated October 26, 2007 (attached as Exhibit D to the Izard Decl.).  The

Special Master reviewing an application for attorneys' fees found that in addition to the fact that

the quality of counsel's work was "impressive," "[e]ven more importantly, they used the

mediation process to persuade reluctant and determined defendants to part with settlement

dollars well above those expected." Id. at 30.   According to the Special Master, obtaining an

additional $30 million for the class stands out as "some of the hardest work and most outstanding

results" obtained by Izard Nobel and its co-counsel. Id at 37.  In negotiating this extraordinary

settlement, Izard Nobel "stretched the defendants' settlement tolerances beyond their limits." Id.

Moreover, the Court found that Izard Nobel worked with great efficiency.  After

conducting a "moderately detailed examination of counsels' actual time records," the Special

Master lauded the efficiency with which counsel litigated such a large case which inherently

tends to produce inefficiencies. Id. at 26, 43.

Similarly, in approving the Sprint ERISA settlement, Judge John Lungstrum found,

"[t]he high quality of [Izard Nobel's] work culminated in the successful resolution of this

complex case" and that "the results obtained by virtue of the settlement are extraordinary. . . ." In

re Sprint Corp. ERISA Litig., No. 03-2202 (D. Kan.) (Aug. 3, 2006) at 33, 35 (attached to the

Izard Decl as Exhibit E).

Izard Nobel's ERISA team is led by Robert A. Izard.  Mr. Izard is the former chair of the

Commercial and Business Litigation Committee of the Litigation Section of the American Bar

Association. He received his B.A. from Yale University and his J.D., with honors, from Emory

University, where he was elected to the Order of the Coif and was an editor of the Emory Law

Journal.  Mr. Izard has substantial jury and nonjury trial experience, including a seven-month jury trial in federal district court.  He is experienced in various forms of alternative dispute resolution, including mediation and arbitration, and is a Distinguished Neutral for the CPR Institute for Dispute Resolution. Mr. Izard is the author of Lawyers and Lawsuits: A Guide to Litigation published by Simon and Schuster.  A copy of the firm's resume is attached to the Izard Decl. as Exhibit F.

**B.      Izard Nobel Has Already Done Substantial Work And Will Commit Ample Resources In The Future To Represent The Class**

As evidenced by its detailed complaint, Izard Nobel has already committed substantial effort to investigating the claims in this case.  Moreover, it has served on Defendants a request for all Plan documents pursuant to ERISA § 104(b)(4), a copy of which is attached to the Izard Decl. as Exhibit G.  Izard Nobel has also served notice of this action on the United States Secretary of the Treasury and Secretary of Labor as required by ERISA § 502(h), a copy of which is attached to the Izard Decl. as Exhibit H.

Izard Nobel is prepared to commit the significant additional financial and personnel resources necessary to prosecute this action.  Izard Nobel's readiness can be judged, in part, by the fact that it has already successfully litigated several of the largest ERISA cases in the country, against most of the nation's most powerful defense firms.  Izard Nobel will certainly continue that level of commitment with this case.

**5.      Sarraf Gentile Should Be Appointed Interim Liaison Counsel**

Sarraf Gentile has substantial experience prosecuting class actions, in general, and those arising under ERISA, in particular.  Among the numerous actions in which the firm has participated as counsel for plaintiffs and the class, the firm has served as lead counsel, and

-8-

recouped millions of dollars on behalf of retirees, in the following ERISA actions:  In re RCN Corp. ERISA Litigation, No. 04-cv-5068 (D.N.J.) ($5.75 million settlement); In re Ferro Corp. ERISA Litigation, No. 05-cv-1594 (N.D. Ohio) ($4 million settlement); Francis v. Comerica, Inc., et al, No. 05-cv-74038 (E.D. Mich.) ($2.02 million settlement); In re Avery Dennison Corp. ERISA Litigation, No. 05-cv-3708 (C.D. Cal.); Mellott v. ChoicePoint, Inc., et al., No. 05-cv-1340 (N.D. GA.).

Sarraf Gentile is also serving as interim class counsel in a complex ERISA class action pending in this District and has recently obtained preliminary approval of the roughly $9 million settlement of the numerous and complex ERISA claims that were at one point pending in the Second Circuit, this District and the Bankruptcy Court. See Dickerson v. Feldman, et al., No. 06-cv-1616 (2d Cir.); Reiff v. Metz, et al., No. 07-cv-6011 (SDNY); In re Solutia Inc., et al., No. 03-17949 (SDNY Bank.).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the proposed pretrial order, appointing Buzzo as Lead Plaintiff, and the leadership structure of Izard Nobel as Interim Lead Counsel pursuant to Fed. R. Civ. P. 23(g) and Sarraf Gentile as Interim Liaison Counsel.

Dated: July 15, 2008                        Respectfully submitted:
                                            **SARRAF GENTILE LLP**


                                     By: /s/ Ronen Sarraf
                                         Ronen Sarraf
                                         Joseph Gentile
                                         11 Hanover Square, 2nd Floor
                                         New York, NY 10005
                                         Telephone: (212) 868-3610
                                         Facsimile: (212) 918-7967
                                         *ronen@sarrafgentile.com*
                                         *joseph@sarrafgentile.com*

                                         Robert A. Izard
                                         **IZARD NOBEL LLP**
                                         20 Church St., 17th Floor
                                         Hartford, CT 06103
                                         Telephone: (860) 493-6293
                                         Facsimile: (860) 493-6290
                                         *rizard@izardnobel.com*

                                         Major Khan
                                         **MAJOR KHAN LLC**
                                         20 Bellevue Terrace
                                         Weehawken, NJ 07086
                                         Telephone: (646) 546-5664
                                         Facsimile: (646) 546-5755
                                         *mk@mk-llc.com*