**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————x
                                    :
MARIA DESOUSA, On Behalf of Herself And    :    Civil Action No. 08-CV-6626
All Others Similarly Situated,            :
                                    :
        Plaintiff,                   :
                                    :
    vs.                             :
                                    :
LEHMAN BROTHERS HOLDINGS INC.,            :
RICHARD S. FULD, JR., ERIN M. CALLAN,     :
WENDY M. UVINO, MICHAEL L. AINSLIE,       :
JOHN F. AKERS, ROGER S. BERLIND,          :
THOMAS H. CRUIKSHANK, MARSHA J.           :
EVANS, SIR CHRISTOPHER                    :
GENT, JERRY A. GRUNDHOFER,                :
ROLAND A. HERNANDEZ, HENRY                :
KAUFMAN, JOHN D. MACOMBER, THE            :
EMPLOYEE BENEFIT PLAN COMMITTEE,          :
THE COMPENSATION AND BENEFITS             :
COMMITTEE, JOHN DOES 1-20,                :
                                    :
        Defendants.                  :
                                    :
——————————————————————x
[Additional Captions Follow]

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MARIA DESOUSA'S**
**MOTION FOR (1) CONSOLIDATION, (2) APPROVAL OF THE PROPOSED**
**LEADERSHIP STRUCTURE, (3) ENTRY OF [PROPOSED] PRETRIAL ORDER NO.**
**1 AND (4) RESPONSE IN OPPOSITION TO THE RESPECTIVE COMPETING**
**MOTIONS OF PLAINTIFFS RINEHART/FONG AND PLAINTIFF BUZZO**

```
                                              x
                                              :
ALEX E. RINEHART, On Behalf of Himself And    :    Civil Action No. 08-CV-5598 (LAK)
All Others Similarly Situated,                :
                                              :
                    Plaintiff,                :
                                              :
            vs.                               :
                                              :
LEHMAN BROTHERS HOLDINGS INC.,                :
RICHARD S. FULD, JR., MICHAEL L.              :
AINSLIE, JOHN F. AKERS, ROGER S.             :
BERLIND, THOMAS H. CRUIKSHANK,                :
MARSHA JOHNSON EVANS, SIR                     :
CHRISTOPHER GENT, ROLAND A.                   :
HERNANDEZ, HENRY KAUFMAN, JOHN D.             :
MACOMBER, ERIN M. CALLAN, WENDY M.            :
UVINO, THE EMPLOYEE BENEFIT PLANS             :
COMMITTEE, and JOHN DOES 1-10,                :
                                              :
                    Defendants.               :
                                              :
                                              x
                                              :
JO ANNE BUZZO, Individually And On Behalf     :    Civil Action No. 08-CV-6245 (UA)
of All Others Similarly Situated,             :
                                              :
                    Plaintiff,                :
                                              :
            vs.                               :
                                              :
LEHMAN BROTHERS HOLDINGS INC.,                :
WENDY M. UVINO, LEHMAN BROTHERS               :
HOLDINGS INC. EMPLOYEE BENEFIT                :
PLANS COMMITTEE, JOHN DOES 1-10,              :
HENRY KAUFMAN, JOHN F. AKERS, ROGER           :
S. BERLIND, MARSHA JOHNSON EVANS and          :
ROLAND A. HERNANDEZ.                          :
                                              :
                    Defendants.               :
                                              :
                                              :
                                              x
```

[Additional Caption Follows]

—————————————————————x
                        :

MONIQUE MILLER FONG, On Behalf Of   :   Civil Action No. 08-CV-6282 (LAK)
Herself And All Others Similarly Situated,   :
                        :

               Plaintiff,    :

                        :

    vs.                       :

                        :

LEHMAN BROTHERS HOLDINGS INC.,   :
RICHARD S. FULD, JR., MICHAEL L.   :
AINSLIE, JOHN F. AKERS, ROGER S.   :
BERLIND, THOMAS H. CRUIKSHANK,   :
MARSHA JOHNSON EVANS, SIR   :
CHRISTOPHER GENT, JERRY A.   :
GRUNDHOFER, ROLAND A. HERNANDEZ,   :
HENRY KAUFMAN, JOHN D. MACOMBER,   :
ERIN M. CALLAN, WENDY M. UVINO, THE   :
EMPLOYEE BENEFIT PLANS COMMITTEE,   :
and JOHN DOES 1-10,   :
                        :

             Defendants.    :

                        :
—————————————————————x

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

PROPOSED LEAD COUNSEL STRUCTURE.....................................................3

ARGUMENT .......................................................................................................4

  I.    CONSOLIDATION OF THE ERISA ACTIONS IS PROPER UNDER THE FEDERAL RULES OF CIVIL PROCEDURE ...............................................5

  II.    ORDERLY PROCEDURES FOR CAPTIONING AND FILING DOCUMENTS........6

  III.    THE PROPOSED LEADERSHIP STRUCTURE.........................................6

  IV.    THE LEADERSHIP STRUCTURE PROPOSED BY PLAINTIFF DESOUSA SATISFIES THE REQUIREMENTS OF RULE 23(G)(1)(C)(1) AND IS IN THE BEST INTERESTS IF THE PLAN'S PARTICIPANTS AND BENEFICIARIES........8

    A.    Counsel for the Plaintiff have Demonstrated a Commitment to Identifying and Investigating Potential Claims in This Action .......................................8

    B.    Counsel for Plaintiff Have Experience in Class Actions, Other Complex Litigation, and the Types of Claims Asserted in This Case, and Have Knowledge of the Law Applicable in This Case ..........................................9

        1.    Milberg LLP...........................................................................10

        2.    Zimmerman Reed P.L.L.P. ......................................................16

        3.    Lockridge Grindal Nauen PLLP ...............................................20

        4.    Harwood Feffer LLP...............................................................21

    C.    Milberg, Zimmerman Reed, Lockridge and Harwood Have the Necessary Resources to Represent the Class ...........................................................23

    D.    Plaintiff DeSousa's Proposed Leadership Structure is Superior to the Leadership Structures Proposed in Competing Motions. ..........................24

CONCLUSION...................................................................................................25

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*In re Auction Houses Antitrust Litigation*,
197 F.R.D. 71 (S.D.N.Y. 2000) ...................................................................7

*In re Air Cargo Shipping Services Antitrust Litigation*,
240 F.R.D. 56 (E.D.N.Y. 2006) ..................................................................7

## DOCKETED CASES

*In re Royal Dutch/Shell Transport ERISA Litigation*,
No. 04-CV-1398-JWB-SDW (D.N.J. filed Mar. 25, 2004).......................10

## FEDERAL STATUTES

ERISA § 409, 29 U.S.C. § 1109 ...................................................................2

ERISA § 104(b), 29 U.S.C. § 1024(b)...........................................................8

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) ..................................................2

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ..................................................2

ERISA § 502(h), 29 U.S.C. § 1132(h) ...........................................................8

Fed. R. Civ. P. 23(g)(1)(A) .................................................................4, 6, 7

Fed. R. Civ. P. 23(g)(3)..................................................................................7

Fed. R. Civ. P. 42(a) .....................................................................................5

## OTHER AUTHORITIES

*Manual for Complex Litigation* (4th ed. 2004).........................................4, 6

## INTRODUCTION

Plaintiff, Maria DeSousa, respectfully submits this Memorandum of Law in support of her Motion for: (1) consolidation; (2) appointment of Milberg LLP and Zimmerman Reed P.L.L.P. as Interim Co-Lead Counsel and Lockridge Grindal Nauen P.L.L.P. and Harwood Feffer LLP as Executive Committee Members; (3) entry of [Proposed] Pre-trial Order No. 1 (the "Proposed Order"); and (4) response in opposition to the respective competing motions of Plaintiffs Rinehart/Fong and Plaintiff Buzzo.

Plaintiff DeSousa initiated one of the four above-captioned actions filed to date in the United States District Court for the Southern District of New York against Lehman Brothers Holdings, Inc. ("Lehman Brothers" or "the Company") and related fiduciaries on behalf of participants in, and beneficiaries of, the Lehman Brothers Holdings, Inc. 401(k) Savings Plan ("the Plan").[1] Plaintiff DeSousa is a current participant in the Plan. She is a former employee of Lehman Brothers who has devoted a significant portion of her career towards serving Lehman Brothers. Plaintiff DeSousa's retirement savings are invested in Lehman Brothers stock and she therefore has a significant interest in pursuing this Action. Because Ms. DeSousa's retirement savings are invested in Lehman Brothers stock, she suffered significant losses as a result of Defendants' mismanagement of the Plan's assets. Furthermore, Plaintiff DeSousa is highly committed to litigating this case to recover losses suffered by participants in the Plan.

Each action seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff alleges that Defendants, as fiduciaries of the Plan, breached their duties to her and to other participants and beneficiaries of the Plan during the Class Period in violation of

---

[1] Plaintiff DeSousa's Class Action Complaint for Violations of the Employee Retirement Income Security Act of 1974 (DeSousa v. Lehman Brothers Holdings, Inc., No. 08-CV-6626) is referenced herein as the "Complaint". A copy of the Complaint is attached to the Declaration of Lori G. Feldman in Support of the Motion of Plaintiffs Maria DeSousa for Consolidation, Approval of the Proposed Leadership Structure, Entry of [Proposed] Pretrial Order No. 1 and Response in Opposition to the Respective Competing Motions of Plaintiffs Rinehart/Fong and Plaintiff Buzzo ("Feldman Decl.") as Exhibit G.

ERISA, particularly with regard to the Plan's imprudent holdings of Lehman Brothers stock and maintenance of Lehman Brothers stock as an investment option for the Plan. As a result of Defendants' fiduciary breaches, as hereinafter enumerated and described, the Plan has suffered substantial damages, including the erosion of hundreds of millions of dollars of retirement savings and anticipated retirement income for the Plan's participants. Plaintiff seeks relief pursuant to Sections 409 and 502(a)(2) and (3) of ERISA (29 U.S.C. §§ 1109 and 1132(a)(2) and (3)), on behalf of the Plan for losses sustained as a result of the Defendants' breaches of their fiduciary duties.

Lehman Brothers was and continues to be extensively invested in residential and commercial mortgage loan origination and the securitization of such debt into bonds. As the subprime meltdown swept through the housing market, investors began to pull back from mortgage securities, causing erosion in the value of Lehman Brothers stock. Nevertheless, throughout the Class Period, Lehman Brothers represented to the participants in the Plan and the investing public that it had minimized the extent to which it was exposed to subprime credit, collateralized debt obligations ("CDOs") and other credit-specific problems, and maintained that the Company was thriving. Once Lehman Brothers was forced to start revealing its excessive exposure and losses resulting from that exposure, the price of Lehman Brothers stock began to drop precipitously. After taking relatively small writedowns in the second half of 2007 and the first quarter of 2008, on June 16, 2008, Lehman Brothers issued a press release announcing significant declines in the fair value of subprime related exposure recorded a $2.8 billion write-down and stated that it would seek to raise $6 billion in capital. This writedown was ten times the $300 million expected by analysts. Lehman Brothers stock traded at as high as

approximately $70 per share at the beginning of the Class Period and is now trading at less then $18 per share.

As a result of the foregoing, Defendants knew or should have known that during the Class Period, Lehman Brothers stock was an imprudent investment for the Plan because, among other things, Lehman Brothers was so heavily exposed to losses relating to its mortgage and mortgage securitizations business.

The class members in this case are employees or former employees of Lehman Brothers who participated in the Plan. They entrusted their retirement savings to the fiduciaries of the Plan. The fiduciaries of the Plan invested the Plan's assets, and thereby, the employee participants' retirement savings, in Lehman Brothers stock despite the fact that they knew or should have known that the Company stock would drastically decline in value due to Lehman Brothers' exposure to subprime mortgage securities.

Upon information and belief, Lehman Brothers regularly communicated with its employees, including the Plan's participants, about the Company's performance, future financial and business prospects, and Lehman Brothers stock. During the Class Period, upon information and belief, the Company fostered a positive attitude toward Lehman Brothers stock as a viable investment for the Plan, and/or allowed the Plan's participants to follow their natural bias toward remaining invested in the stock of their employer, by not disclosing negative material information concerning investment in Lehman Brothers stock. The Plan's participants could not appreciate the true risks presented by investments in Lehman Brothers stock and therefore, could not make informed decisions regarding their investments in the Plan.

## PROPOSED LEAD COUNSEL STRUCTURE

To promote judicial economy, the Court may consolidate the ERISA cases and appoint interim class counsel. In determining the appointment of interim class counsel, Fed. R. Civ. P.

23(g)(1)(A) provides that the Court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Proposed Lead Counsel Milberg LLP ("Milberg") and Zimmerman Reed P.L.L.P. ("Zimmerman Reed"), and proposed members of the Executive Committee Lockridge Grindal Nauen P.L.L.P. ("Lockridge") and Harwood Feffer LLP ("Harwood") (collectively "DeSousa's Counsel"), are experienced ERISA class action firms who continue to dedicate the necessary time and resources to advancing Plaintiff's case. The firms have obtained extremely valuable recoveries in other ERISA, securities, and other class action matters and have a close working relationship.

DeSousa's Counsel all have extensive experience in complex, financial and breach of fiduciary duty cases such as this one. Moreover, DeSousa's Counsel have litigated numerous ERISA class actions, securities fraud class actions, antitrust cases, consumer cases, and other complex cases to successful conclusion. The firm résumés of Milberg, Zimmerman Reed, Lockridge and Harwood are attached as Exhibits A through D to the Feldman Declaration.

As discussed below, DeSousa's Counsel respectfully submit that the above ERISA Actions should be consolidated into a single action and the Court should appoint Milberg and Zimmerman Reed as Co-Lead Counsel and, Lockridge and Harwood as Executive Committee members. This outcome will best serve the interests of the proposed class and will help promote judicial economy and efficiency.

## ARGUMENT

Given the substantial similarity of the parties and claims in these actions, Plaintiff follows the guidance of the *Manual for Complex Litigation* (4th ed. 2004) ("*Manual*") and submits for the Court's approval a Proposed Pre-Trial Order Number 1 which: (1) provides for

the consolidation of the ERISA Actions; (2) establishes efficient procedures for the filing and docketing of papers; (3) proposes a Co-Lead organization of Plaintiff's counsel; and (4) otherwise eliminates wasteful and duplicative litigation.   For the reasons below, Plaintiff respectfully submits that [Proposed] Pre-Trial Order No. 1 ("Proposed Order") should be entered by the Court.

## I.    CONSOLIDATION OF THE ERISA ACTIONS IS PROPER UNDER THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).   Here, consolidation of the ERISA Actions is proper because each case asserts claims under ERISA against similar defendants that involve common questions of law and fact.  *Id.*

For example, each of the ERISA Actions predicate their respective claims on an underlying breach of fiduciary duty by the Plan fiduciaries.  Specifically, the cases allege that the Plan fiduciaries were required to act in the best interest of the Plan's participants to prudently manage the Plan's assets.  Instead of complying with their fiduciary obligations, the fiduciaries continued to offer Company stock as a Plan investment when it was imprudent to do so, and disseminated inaccurate information to the Plan's participants contained in Company filings and press releases.  These lawsuits seek to make good to the Plan and its participants losses resulting from Defendants' breaches of fiduciary duties.

Consolidating the ERISA Actions will help to avoid unnecessary costs and delay by preventing duplicative efforts and allowing the Court to adjudicate the relevant issues in a single

proceeding.  Thus, Plaintiff DeSousa requests, for purposes of judicial efficiency and effective administration, that the Court consolidate these and any additional class actions filed in or transferred to this District asserting claims under ERISA in connection with the above-stated allegations.[2]

## II.    ORDERLY PROCEDURES FOR CAPTIONING AND FILING DOCUMENTS

The Proposed Order establishes procedures for the captioning, filing and docketing of papers in these ERISA Actions, and in any cases that may hereafter be filed in or transferred to this Court.  These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions.  Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this.  *See Manual* § 21.12.  In addition, this type of order has been used in numerous other cases in which the ERISA cases have been consolidated.

## III.    THE PROPOSED LEADERSHIP STRUCTURE

The Proposed Order implements the procedures suggested by the *Manual* by designating Interim Co-Lead Counsel for plaintiffs.  *See Manual* §§ 10.22, 40.22.  As stated in the *Manual*, in determining lead counsel, the court should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable."  *Id*. at § 10.22.  Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to the parties."  *Id*. at § 10.221.  When appointing interim lead counsel, it is "generally accepted that the considerations set out in Rule 23(g)(1)(A), which governs appointment of class counsel once a class is certified, apply equally to the designation of

---

[2]    On July 25, 2008, Defendants filed a response to the competing movants' motions for consolidation and appointment of interim lead counsel.  Defendants stated that they did not oppose consolidation of the then-pending actions.

interim class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240

F.R.D. 56, 57 (E.D.N.Y. 2006) (citation omitted).

Fed. R. Civ. P. 23(g)(1)(A) specifies that in appointing class counsel, the court must

consider:

- the work counsel has done in identifying or investigating potential claims in the action;
- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
- counsel's knowledge of the applicable law; and
- the resources counsel will commit to representing the class.

Plaintiff proposes the following interim counsel structure, which, as described herein,

satisfies the requirements of Fed. R. Civ. P. 23(g)(1)(A):

Co-Lead Counsel

| | |
|---|---|
| Milberg LLP | Zimmerman Reed P.L.L.P. |
| One Pennsylvania Plaza | 651 Nicollet Mall, Suite 501 |
| New York, New York  10119 | Minneapolis, Minnesota 55402 |
| Telephone:  (212) 594-5300 | Telephone:  (612) 341-0400 |
| Facsimile:  (212) 868-1229 | Facsimile:  (612) 341-0844 |

Executive Committee

| | |
|---|---|
| Lockridge Grindal Nauen, P.L.L.P. | Harwood Feffer, LLP |
| 100 Washington Avenue South, Suite 2200 | 488 Madison Avenue, 8th Floor |
| Minneapolis, MN 55401-2197 | New York, New York 10022 |
| Telephone:  (612) 339-6900 | Telephone:  (212) 935-7400 |
| Facsimile:  (612) 339-0981 | Facsimile:  (212) 753-3630 |

Plaintiff proposes that the proposed leadership be appointed pursuant to Fed. R. Civ. P.

23(g)(3), which provides for the designation of interim class counsel to act on behalf of a

putative class before the determination of whether to certify the action as a class action.  In

addition, the Court may use it's discretion in appointing lead counsel for the putative class.  *See*

*e.g.*, *In re Auction Houses Antitrust Litig.*, 197 F.R.D. 71 (S.D.N.Y. 2000).

IV.    **THE LEADERSHIP STRUCTURE PROPOSED BY PLAINTIFF DESOUSA SATISFIES THE REQUIREMENTS OF RULE 23(G)(1)(C)(1) AND IS IN THE BEST INTERESTS IF THE PLAN'S PARTICIPANTS AND BENEFICIARIES.**

    A.    **DeSousa's Counsel have Demonstrated a Commitment to Identifying and Investigating Potential Claims in This Action**

Plaintiff DeSousa's proposed Co-Lead and Executive Committee Counsel have taken substantial steps in identifying and investigating the claims set forth in this action. The firms' respective attorneys and staff (including full time private investigators, forensic accountants and financial analysts) have been and are continuing to extensively investigate Lehman Brothers' alleged wrongdoing. Specifically, DeSousa's Counsel has collectively spent in excess of 100 hours preparing the Complaint, which necessarily required review of background information on the Plan, including the Company's SEC Form 11-Ks for the Plan, review of the Plan's Forms 5500 filed with the Department of Labor and Department of the Treasury, and Plaintiff DeSousa's individual Plan account statements. In addition, the firms are requesting Plan documents from Lehman Brothers pursuant to ERISA § 104(b), 29 U.S.C. § 1024(b). *See* Feldman Decl., Exhibit F. In addition, pursuant to 29 U.S.C. § 1132(h), DeSousa's Counsel has notified the U.S. Department of Labor and the U.S. Department of the Treasury of the pendency of the Complaint. *See* Feldman Decl., Exhibits H and I.

Moreover, DeSousa's Counsel has reviewed numerous public documents related to Lehman Brothers' writedowns, including the Company's SEC filings, investor conference call transcripts, press releases, analyst reports, news articles and credit agency rating reports.

In addition, as alleged in the Complaint, the facts underlying defendants' fiduciary breach stem, in large part, from Lehman Brothers' multi-billion dollar writedowns related to its exposure to the subprime mortgage market. Since June 2008, Milberg's team of in-house investigators has spent in excess of 70 hours attempting to collect relevant information and has

conducted several interviews of former Lehman Brothers' employees. The investigators' work is ongoing, as there is further public speculation that Lehman Brothers will take an additional $2.5 billion writedown on home loans in the third quarter of 2008. DeSousa's Counsel, if selected as interim co-lead counsel, will use its investigatory findings in a consolidated amended pleading for the benefit of the putative class.

Milberg, Zimmerman Reed, Lockridge and Harwood have been working co-operatively to assure that they do not duplicate each other's work. To this end, they have conferred regularly concerning each firm's respective role in reviewing documents, the continuing investigation, drafting the Complaint, preparing the current motion papers and conferring with Plaintiff DeSousa. DeSousa's Counsel is committed to making the substantial investment of time and resources necessary to properly pursue and lead the Lehman Brothers ERISA action.

### B.     Counsel for Plaintiff Have Experience in Class Actions, Other Complex Litigation, and the Types of Claims Asserted in This Case, and Have Knowledge of the Law Applicable in This Case

Milberg, Zimmerman Reed, Lockridge and Harwood all have significant experience in complex class actions. These firms have well-known records of successfully pursuing financial, accounting and other fraud and negligence matters, which are highly relevant to this litigation.[3] Further, the firms have substantial experience in litigating ERISA 401(k) actions, and have successfully litigated numerous other class action claims based on breaches of fiduciary duty.

DeSousa's Counsel have each taken a leading role among law firms in pursuing employee lawsuits and ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans. The firms have served or currently serve as lead or co-lead counsel in

---

[3]     *See* Feldman Decl., Exhibits A-D (résumés of Milberg, Zimmerman Reed, Lockridge and Harwood, respectively).

many ERISA class actions and have recovered substantial sums in these matters in addition to bringing about significant structural changes to employee benefit plans, as discussed below.

        1.     **Milberg LLP**

Milberg served as co-lead counsel for the plaintiffs in *In re Royal Dutch/Shell Transport ERISA Litig.*, an ERISA breach of fiduciary duty class action against the Royal Dutch/Shell Oil Group of Companies on behalf of certain of the company's U.S. employees invested in the company's stock fund.  The $90 million settlement (representing approximately 78% of the class' claimed loss) is one of the largest amounts obtained in an ERISA breach of fiduciary duty case.  Significantly, the settlement included important provisions that required the corporate defendants to implement structural changes, including procedures regarding the monitoring and training of individuals appointed to be ERISA fiduciaries.  Moreover, at the settlement fairness hearing in August 2005, Judge Bissell of the District of New Jersey remarked on the skill and efficiency of class counsel in the prosecution of the case, commenting that:

> the attorneys in the firms involved in this matter…are highly experienced and highly skilled in matters of this kind.  Moreover, in this case it showed. Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery …. So both skill and efficiency were brought to the table here by counsel, no doubt about that.

Transcript of Proceeding before Honorable John W. Bissell, *In re Royal Dutch/Shell Transport ERISA Litig.*, No. 04-CV-1398 JWB-SDW (D.N.J. Aug. 22, 2005).  *See* Feldman Decl., Exhibit E.

Milberg has taken a leading role in pursuing numerous employee lawsuits and ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans.  By way of example, Milberg obtained a significant result in the *In re Citigroup Pension Plan ERISA Litigation*, Master File 05 Civ. 5296 (S.D.N.Y. filed June 3, 2005) (Scheindlin, J.), where

Milberg serves as Co-lead counsel for the certified class.  In *Citigroup Pension Plan Litig.*, the plaintiffs allege that certain amendments to the pension plan at issue that created and revised the plan's cash balance formula, both violated age-based accrual rules for defined benefits plans as set forth in ERISA and violate the plan's provision that the rights of all employees to benefits accrual through the date of a partial termination shall be non-forfeitable.  Judge Scheindlin granted summary judgment for the plaintiffs finding that Citigroup's pension plan violated ERISA.  Specifically, the Court found that Citigroup's pension plan violated ERISA's benefit accrual rules set forth in § 204(b)(1); and that Citigroup did not provide adequate notice to participants pursuant to ERISA § 204(h), which is a precondition to effective plan amendments. Consequently, Judge Scheindlin ordered the defendants to reform the pension plan to comply with ERISA.

Milberg also serves as Co-Lead Counsel, Executive Committee Member or Plaintiffs' Counsel for participants in defined contribution retirement plans in ERISA litigation across the Country, involving, among others: Royal Dutch (Co-Lead Counsel) (D.N.J.); Morgan Stanley (Co-Lead Counsel) (S.D.N.Y.); First American Corp. (Co-Lead Counsel) (C.D. Cal); Boston Scientific Corp. (Co-Lead Counsel) (D. Mass.); General Electric (Plaintiffs' Counsel) (N.D.N.Y.); Macy's, Inc. (Plaintiffs' Counsel) (S.D. Ohio); Wellpoint, Inc. (Executive Committee) (S.D. Ind.); Fremont General, Corp. (Plaintiffs' Counsel) (C.D. Cal.); Citigroup, Inc. (Plaintiffs' Counsel) (S.D.N.Y.); Citigroup Pension (Plaintiffs' Counsel) (S.D.N.Y.); Merrill Lynch & Co., Inc. (Plaintiffs' Counsel) (S.D.N.Y.); and Dell, Inc. (Plaintiffs' Counsel) (W.D. Tex.).

Furthermore, Milberg also has substantial experience litigating cases involving the mortgage industry, and more specifically, the financial implications of the subprime crisis.  As

mentioned above, Milberg was appointed co-lead counsel in *In re Morgan Stanley ERISA Litig.*, No. 07-CV-11285 (pending in this District before Judge Sweet) and recently filed a Consolidated Amended Complaint in that action. As part of the process of preparing that complaint, the same team of Milberg attorneys working on this Action were required to learn a great deal of background information regarding CDOs, mortgage securitization, the subprime credit market and a public company's SEC reporting obligations to its investors concerning its subprime exposure. That same background information will be necessary to prosecute the subject Action. While the specific facts concerning Lehman Brothers' subprime exposure and writedowns will certainly be different from Morgan Stanley, Milberg can certainly use its acquired knowledge of the subprime industry for the benefit of the putative class in this Action.

In addition, Milberg was appointed co-lead counsel in *Kratz v. Beazer Homes USA Inc.*, No. 07-CV-00725 (N.D. Ga. filed Mar. 29, 2007), a securities fraud case involving financial fraud resulting from the subprime debacle, and in a derivative action against Countrywide Financial Corp., *New Jersey Carpenters' Pension Fund v. Mozilo*, No. BC 378319 (Cal. Super. Ct., Los Angeles County 2007) (alleging . In addition, Milberg was also appointed co-lead counsel in *In re First American ERISA Litig.*, No. 07-CV-1357 (C.D. Cal., filed Nov. 20, 2007), in which the Honorable Judge Selna denied the defendants' motion to dismiss in its entirety on July 14, 2008. The familiarity with and knowledge of the mortgage industry and the financial implications of the subprime crisis that Milberg has obtained through investigating and litigating these cases will serve as a valuable asset to the efficient and vigorous prosecution of this action.

Accordingly, the second and third Fed. R. Civ. P. 23(g)(1)(A) factors, which address counsel's relevant class action experience and knowledge of applicable law, also strongly favor Milberg, which is uniquely qualified to lead the prosecution of this case. Milberg is highly-

experienced in prosecuting complex and class action litigation, with a well-known record of success in such cases. *See* Feldman Decl., Exhibit A.

In addition, Milberg often takes a leading role among law firms in pursuing securities fraud claims on behalf of investors and has obtained substantial recoveries. Indeed, a study recently ranked Milberg first for recoveries totaling approximately $3,804,625,000 for this past year and in the top five, with respect to settlements in securities fraud class actions, in terms of aggregate settlement totals, average settlement amounts and number of settlements, in 2006 and 2007. *See* http://www.riskmetrics.com/issgovernance/scas/scas50_2007.html and http://www.riskmetrics.com/issgovernance/scas/scas50_2006.html.

In the past two years alone, Milberg has successfully settled and received preliminary and/or final approval for settlement in many complicated class actions. For example, on December 26, 2006, Milberg settled a case against Nortel Networks Corp. for cash and stock valued at $1.32 billion. *In re Nortel Networks Corp. Sec. Litig.*, No. 01-CV-1855 (S.D.N.Y. filed Mar. 2, 2001) (Berman, J.). On June 16, 2006, Milberg achieved settlement and final approval of a $225 million settlement with KPMG in connection with its civil liability in the tax shelter fraud litigation. *Simon v. KPMG LLP*, No. 05-CV-03189 (D.N.J. filed June 24, 2005). On January 10, 2007, Milberg received final court approval of a settlement with Sears for $215 million. *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-CV-7527 (N.D. Ill. filed Oct. 18, 2002). In September 2007, Milberg settled the *CMS Energy* securities litigation for $200 million. *Green v. CMS Energy Corp.*, No. 02-CV-72004 (E.D. Mich. filed May 17, 2002). In addition, Judge Lynch recently preliminarily approved a settlement with Biovail Corporation for $138 million where Milberg is co-lead counsel. *In re Biovail Corp. Sec. Litig.*, No. 03-cv-8917-GEL (S.D.N.Y. filed Nov. 12, 2003).

Significantly, on December 19, 2007, Judge Paul Barbadoro of the District of New Hampshire granted final approval of a $3.2 billion settlement of investor claims involving Tyco International, Ltd. Milberg was Co-lead counsel for plaintiffs in the *Tyco* litigation and worked to achieve the largest cash payment ever made by a corporate defendant in the history of U.S. securities litigation, and the second-largest auditor settlement in securities class action history. *In re Tyco Sec. Litig.*, No. 02-md-01335 (D.N.H. filed Aug. 23, 2002).

The Milberg attorneys working on this case are led by Lori G. Feldman. Ms. Feldman, a partner at Milberg, handles many ERISA class actions along with numerous complex securities and consumer fraud class actions. Ms. Feldman is a graduate of Albany Law School, where she served as an Executive Editor of the *Albany Law Review*. She has interned at the Civil Division of the United States Attorney's Office in Brooklyn, New York. Ms. Feldman is admitted to the Bars of the States of Washington and New York and federal district and appellate courts throughout the country. From 2000 through mid-2005, she served as Managing Partner of Milberg's Seattle Office. In 2002-03 and 2004-05, Ms. Feldman was named a "Rising Star of Washington Law" by her fellow practitioners in Seattle. Rising Stars are considered to be Washington's top lawyers under the age of 40. In addition to lecturing on class action practice, Ms. Feldman has served as Co-Chair of the Continuing Legal Education Committee of the Federal Bar Association for the Western District of Washington. Ms. Feldman recently delivered a lecture presentation and paper at the ALI-ABA Mass Litigation Conference on class actions involving ERISA and subprime claims this past May, and also delivered a presentation in March on the subprime lending crisis at the Practicing Law Institute's Subprime Lending Crisis Conference.

Ms. Feldman's representative recoveries exceed hundreds of millions of dollars. Besides representing Plaintiff DeSousa in the instant litigation, Ms. Feldman currently represents participants of defined contribution retirement plans in ERISA litigation involving, among others, *In re Morgan Stanley ERISA Litigation* (S.D.N.Y. filed Dec. 28, 2007); *In re General Electric Corp. ERISA Litigation*, No. 06-CV-315 (N.D.N.Y. filed Mar. 16, 2006); *In re Fremont General Corp. Litigation*, No. 07-CV-02693 (C.D. Cal. filed Apr. 24, 2007); *In re Dell Inc. ERISA Litigation*, No. 06-CV-00758 (W.D. Tex. filed Sept. 25, 2006); *Shanehchian v. Macy's Inc.*, No. 07-CV-00828 (S.D. Ohio filed Oct. 3, 2007); *In re First American Corp. ERISA Litigation.*, No. CV07-7602 JVS (C.D. Cal filed Nov. 20, 2007); *Gray et. al., v. Citigroup, Inc.*, No. 07-CV-11156 (S.D.N.Y. filed Dec. 11, 2007) (Stein, J.); *Eastman v. Merrill Lynch & Co., Inc.*, No. 08-CV-00058 (S.D.N.Y. filed Jan. 4, 2008) (Sand, J.); and *In Re Boston Scientific Corp.*, No. 06-CV-10105 (D. Mass. filed Jan. 19, 2006). Ms. Feldman also maintains an extensive securities fraud class action practice.

Also working on this Action is Arvind B. Khurana, Senior Counsel at Milberg, who focuses his practice primarily on securities and ERISA class actions. He is a Dean's List graduate of St. John's University School of Law and was on the American Bankruptcy Institute Law Review. Prior to joining Milberg, Mr. Khurana was an associate at Hogan and Hartson LLP were he practiced complex commercial litigation and securities litigation, and represented numerous corporate clients including, IBM, Reuters, Shaw Communications, KPMG and Chrysler. He is also a member of the Federal Bar Council.

Mr. Khurana currently is involved in the prosecution of numerous ERISA breach of fiduciary duty actions, including *In re Morgan Stanley ERISA Litigation* (S.D.N.Y. filed Dec. 28, 2007), *In re General Electric Corp. ERISA Litigation*, No. 06-CV-315 (N.D.N.Y. filed Mar. 16,

2006), *In re Fremont General Corp. Litigation*, No. 07-CV-02693 (C.D. Cal. filed Apr. 24, 2007), *Shanehchian v. Macy's Inc.*, No. 07-CV-00828 (S.D. Ohio filed Oct. 3, 2007), *In re First American Corp. ERISA Litigation.*, No. CV07-7602 JVS (C.D. Cal filed Nov. 20, 2007), *Gray et al., v. Citigroup, Inc.*, No. 07-CV-11156 (S.D.N.Y. filed Dec. 11, 2007) (Stein, J.), *Eastman v. Merrill Lynch & Co., Inc.*, No. 08-CV-00058 (S.D.N.Y. filed Jan. 4, 2008) (Sand, J.), and *In Re Boston Scientific Corp.*, No. 06-CV-10105 (D. Mass. filed Jan. 19, 2006).

Additionally, Milberg has its main office in this District, and the Milberg attorneys litigating this Action are present in its New York office, giving them ready access to the Court. Such a structure will serve the best interests of the Class, insofar as it will increase efficiency and reduce expenses by eliminating the need for local counsel.

### 2.    Zimmerman Reed P.L.L.P.

Throughout Zimmerman Reed's twenty-five year history, the firm has been a leader in complex litigation. Zimmerman Reed's employment and securities litigation groups have substantial experience in litigating and settling large complex cases. Zimmerman Reed has represented plan participants in the following ERISA actions:

- *In re Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation*, No. 07-9633 (S.D.N.Y);
- *Moeckel, et al. v. Caremark, Inc.*, No. 04-0633 (M.D. Tenn.); and
- *Glanton*, et al. v. Advanced PCS Health, L.P., No. 02-0507 (D. AZ).

Zimmerman Reed was also objecting counsel and lead counsel for derivative claims in *In re Medco Health Solutions, Inc., Pharmacy Benefits Management Litigation*, MDL 1508 (S.D.N.Y.). Additionally, Zimmerman Reed is a member of the Plaintiff Steering Committee in *In re Express Scripts, Inc., PBM Litigation*, No. 05-md-1672 (E.D. Mo.).

Zimmerman Reed also has substantial experience litigating securities fraud and fiduciary cases. Some of the cases include:

- *Landers, et al. v. Morgan Keegan & Co.*, No. 08-2260 (W.D. Tenn.);

- *Atkinson v. Morgan Keegan & Co.,* No. 07-2784 (W.D. Tenn.);

- *Thomas, et al. v. Metropolitan Life Insurance Company, et al.,* No. 07-121 (W.D. Okla.).

- *In re Boston Scientific Corporation Securities Litigation*, No. 05-1193 (D. Mass.);

- *In re* Zomax*, Inc. Securities Litigation*, No. 04-1155 (D. Minn.);

- *Schmidt, et al. v. eFunds Corporation*, et al, No. 03-980 (Sup. Ct. of Ariz.);

- *Haritos, et al. v. American Express Financial Advisors*, No. 02-2255 (D. Ariz.);

- *In re Pemstar, Inc. Securities Litigation*, No. 02-1821 (D. Minn.)

- *In re The St. Paul Companies, Inc.*, et al., No. 02-3825 (D. Minn.);

- *In re SuperValu, Inc. Securities Litigation*, No. 02-1738 (D. Minn.);

- *Rupp, et al. v. Thompson et al.*, No. 42-C5-03-347 (Lyon County, State of Minn.).

During Zimmerman Reed's successful history, it has recovered millions of dollars for

defrauded stockholders. The following are just some of the firm's latest achievements:

- *Haritos, et al. v. American Express Financial Advisors*, No. 02-2255 (D. Ariz.). As Co-Lead Counsel, Zimmerman Reed achieved a $100 million dollar settlement.

- *Rupp, et al. v. Thompson et al.,* No. 42-C5-03-347 (Lyon County, State of Minn.). As Lead Counsel, Zimmerman Reed secured a $6 million dollar settlement stemming from a merger between Minnesota Corn Processors and Archers Daniels Midland.

- *In re Zomax, Inc. Securities Litigation*, No. 04-1155 (D. Minn.). As Local Counsel, Zimmerman Reed achieved a $2.2 million dollar settlement in cash and 1.5 million in shares.

- *In re Pemstar, Inc. Securities Litigation*, No. 02-1821 (D. Minn.). As Local Counsel, Zimmerman Reed recovered $12 million on behalf of shareholders.

- *In re SuperValu, Inc. Securities Litigation*, No. 02-1738 (D. Minn.). As Local Counsel, Zimmerman Reed achieved a $4 million dollar settlement.

- *In re The St. Paul Companies, Inc. Securities Litigation,* No. 02-3825 (D. Minn.). As Local Counsel, the firm helped to achieve a $6.3 million dollar settlement on behalf of shareholders.

Furthermore, for the better part of the past twenty years, Zimmerman Reed has

represented the interests of consumers in actions against the mortgage industry, mortgage

providers, mortgage servicers and the title insurance industry. *See generally Zimmerman Reed*

*Firm Resume* attached to Feldman Decl. Ex. B. Many of these cases dealt with issues related to loan origination, loan refinancing and lending practices in general. *Ricci, et al. v. Ameriquest Mortgage Co.*, No. 05-2546 (Hen. Cty. Minn.). Others dealt squarely with fiduciary duty laws in the context of real estate services. *See generally Grady v. Coldwell Banker Burnet*, No. 27-CV-07-3336 (Hen. Cty. Minn.). As a result of the Firm's extensive experience in mortgage related litigation, Zimmerman Reed has a clear understanding of the mechanics associated with good and bad lending practices. This background, which will be a critical component of this case given Lehman's accumulation of CDO's and sub-prime debt, makes Zimmerman Reed uniquely qualified to understand the complicated issues associated with mortgage origination and lending practices that will be present in this litigation.

The Zimmerman Reed attorneys involved in this action are led by Carolyn G. Anderson and Timothy J. Becker. Carolyn Anderson is Managing Partner at Zimmerman Reed and focuses her practice primarily on securities and ERISA matters. Ms. Anderson has successfully represented individual investors with claims of securities fraud, institutional clients in securities fraud actions and minority shareholders, related to mergers and acquisitions. She has served in a leadership role in obtaining numerous significant awards in both individual actions and multi-state class actions. Ms. Anderson currently serves as Lead Counsel in the securities fraud case *In re Boston Scientific Corporation Securities Litigation*, No. 05-1193 (D. Mass.), representing the Public Employees Retirement System of the State of Mississippi. Ms. Anderson also represents plaintiffs in mutual fund litigation related to subprime holdings in *Atkinson, et al. v. Morgan Keegan*, No. 07-2784 (W.D. Tenn.) (appointment of lead plaintiff and lead counsel pending), and in *In re Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation*, No. 07-9633 (S.D.N.Y), an ERISA action brought against Merrill Lynch & Co.

Ms. Anderson is a frequent lecturer at colleges, law schools as well as a Legal Education faculty member on the topics of complex litigation, legal ethics, securities law and other topics. Ms. Anderson graduated from Trinity College, where she received a Bachelor of Arts degree, cum laude, in Psychology.  She received her law degree cum laude from Hamline University School of Law where she was a Dean's Scholar, received the Cali Award for Excellence in Constitutional Law, and was on Hamline Law Review.  Carolyn also studied law at Hebrew University in Jerusalem, Israel in course-work focusing on Law, Religion, & Ethics.

Timothy J. Becker is a partner with Zimmerman Reed, practicing primarily in the areas of complex class action commercial litigation including the areas of employment and securities law. Recently, Mr. Becker was instrumental in *Milner et al. v. Farmers Insurance Exchange,* 748 N.W.2d 608 (Minn. 2008), where he defended a successful plaintiffs' class action jury verdict before the Minnesota Supreme Court involving employee rights in Minnesota.  Mr. Becker's work has included cases with an emphasis in complex securities, ERISA and employment issues, including *Haritos, et al. v. American Express Financial Advisors*, No. 02-2255 (D. AZ); *Rupp, et al. v. Thompson et al.,* No. 42-C5-03-347 (Lyon County, State of Minn.); *In re Boston Scientific Corporation Securities Litigation*, No. 05-1193 (D. Mass.); *Thomas, et al. v. Metropolitan Life Insurance Company, et al.,* No. 07-121 (W.D. Ok.); *In re Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation*, No. 07-9633 (S.D.N.Y); *Glanton, et al. v. Advanced PCS Health, L.P.,* No. 02-0507 (D. Ariz.); *In re Express Scripts, Inc., PBM Litigation*, No. 05-md-1672 (E.D. Mo) and *Moeckel, et al. v. Caremark, Inc.,* No. 04-0633 (M.D. Tenn.).

Mr. Becker is a 1992 graduate of the University of Illinois, Chicago where he received his Bachelor of Arts degree in History.  In 1995, he earned his Juris Doctorate from William Mitchell College of Law where he graduated *cum laude*, and served as an Associate Editor for

the William Mitchell Law Review.  In 1999, he was recognized by his peers in Minnesota as a "Rising Star" as compiled by Minnesota Law & Politics and in 2000 was inducted into Strathmore's Who's Who.  Mr. Becker was again recognized by his peers in Minnesota by being named a "Super Lawyer" in 2002, 2003 and 2004 as compiled by Minnesota Law & Politics.

### 3.    Lockridge Grindal Nauen PLLP

Founded in 1978, Lockridge Grindal Nauen PLLP has extensive experience in antitrust, securities, environmental, employment, health care, commercial, intellectual property and telecommunications law.  *See* Feldman Decl., Exhibit C.  Lockridge has represented plan participants in the following ERISA actions:

- *In re Merck & Co., Inc., Securities, Derivative & ERISA Litigation*, 3:050cv-1151 (D.N.J.);
- *In re Delphi Corporation Securities, ERISA, and Shareholder Derivative Litigation*, Master Case No. 05-md-1725 (E.D. Mich.);
- *In re Tyco International, Ltd., ERISA* Civil File No. 02-cv-1357 (D.N.H) ;
- *In re Fremont General Corporation ERISA Litigation*, Case No. 02:07-cv-02693 (C.D. Cal.);
- *Stephen Gray, et al. v. Citigroup Inc.*, et al., Case No. 1:07-cv-09790-SHS (S.D.N.Y.); and
- *Matthew McAloon v. Countrywide Financial Corporation*, et al., Case No. 2:07-cv-08192-RGK-CT (C.D. Cal.).

Lockridge also has substantial experience litigating securities fraud cases and has recovered millions of dollars for defrauded shareholders.  Some of the cases include:

- *Landers, et al. v. Morgan Keegan & Co.*, No. 08-2260 (W.D. Tenn.);
- *Atkinson v. Morgan Keegan & Co.,* No. 07-2784 (W.D. Tenn.);
- *In re Retek, Inc. Securities Litigation*, Master File No. 02-4209 (D. Minn.).
- *In re Boston Scientific Corporation Securities Litigation*, No. 05-1193 (D. Mass.);
- *In re OM Group, Inc. Securities Litigation*, No. 1:02 CV 2163 (N.D. Ohio);
- *Haritos, et al. v. American Express Financial Advisors*, No. 02-2255 (D. Ariz.);

- *Ohio Public Employees Retirement System, et al. v. Freddie Mac, et al.*, MDL No. 1584 (S.D.N.Y.) (Federal Home Loan Mortgage Corporation Securities Litigation)*;*

- *In re Piper Funds, Inc. Institutional Government Income Portfolio Litigation*, File No. 3-94-587 (D. Minn.);

- *In re Select Comfort Corporation Securities Litigation*, Master File No. 99-884 (D. Minn.); and

- *In re Telxon Securities Litigation*, No. 5:98-CV-2876 (N.D. Ohio).

Lockridge attorneys involved in this action are led by Gregg M. Fishbein.   Gregg Fishbein is a Partner at Lockridge and focuses his practice primarily on securities, ERISA and other complex commercial litigation.   Mr. Fishbein has successfully represented individual investors and institutional clients in securities fraud actions.   Mr. Fishbein is also a Certified Public Accountant.  Mr. Fishbein is a 1989 graduate (J.D., with honors) of Drake University Law School and he graduated from the University of Northern Iowa (B.A. Accounting) in 1986.  Mr. Fishbein also studied at Kansai University of Foreign Studies in Osaka, Japan for one year focusing on Japanese Business and Management.  Mr. Fishbein was admitted to the bar in 1989 in Minnesota and is also admitted in the United States Tax Court.  He is a member of the Federal Bar Association, Minnesota State Bar Association, and Hennepin County Bar Association.

## 4.    Harwood Feffer LLP

Harwood Feffer has also been designated as lead, co-lead or special counsel in numerous complex federal securities matters, shareholder derivative actions, and various transactional and consumer matters.  *See* Feldman Decl., Exhibit D.  Courts have often recognized Harwood's skill in class actions.  For example, in *In re Electro-Catheter Securities Litigation*, Judge Nicholas Politan of the District of New Jersey stated:

> [C]ounsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation that I participated in, which was perhaps the major part of the Court litigation here, always well prepared, well spoken, and

knew their stuff and they are a credit to their profession.  They are the top of the line.

*In re Electro-Catheter Corp. Sec. Litig.*, No. 87-41 (D.N.J. Sept. 7, 1989).

Harwood has served or currently serves as lead or co-lead counsel in dozens of ERISA class actions, including:  *In re Royal Ahold N.V. Securities & ERISA Litigation*, No. 03-md-01539-CCB (D. Md. filed June 19, 2003); *Peterson v. AT&T Corp.*, No. 99-CV-4982-JLL-RJH (D.N.J. filed Oct. 22, 1999); *In re Royal Dutch/Shell Transport ERISA Litigation*, No. 04-CV-1398-JWB-SDW (D.N.J. filed Mar. 25, 2004); *In re UnumProvident Corp. Securities Litigation*, MDL No. 03-md-1552 (E.D. Tenn. filed Sept. 3, 2003); *Bright v. Conagra Foods, Inc.*, No. 05-CV-00348 LES-TDT (D. Neb. filed July 18, 2005); *In re AIG ERISA Litig.*, No. 04-CV-9387 (S.D.N.Y. filed Nov. 30, 2004) (Sprizzo, J.); *Graden v. Conexant Systems, Inc.*, No. 05-CV-695-SRC-MAS (D.N.J. filed Feb. 1, 2005); *Stansbery. v AXA Financial Inc.*, No. 03-CV-8282 (S.D.N.Y. filed Oct. 20, 2003) (Castel, J.); *McKoy v. Bank of America Corp.*, No. 03-CV-8025 (S.D.N.Y. filed Oct. 9, 2003) (Daniels, J.); *Zarate v. Bank One Corp.*, No. 03-CV-7315 (N.D. Ill. filed Oct. 15, 2003); *Brown v. Janus Capital Group, Inc.*, No. 03-CV-2061 (D. Colo. filed Oct. 16, 2003); *Brieger v. Tellabs Inc.*, No. 06-CV-1882 (N.D. Ill. filed Apr. 5, 2006); *Salvato v. Zale Corp.*, No. 06-CV-1124-D (N.D. Tex. filed June 26, 2006); *Corbett v. Marsh & McLennan Co.*, No. 03-CV-8893 (S.D.N.Y. filed Nov. 10, 2003) (Kaplan, J.); *Flynn v. Strong Capital Mgmt., Inc.*, No. 03-CV-1067-CNC (E.D. Wis. filed Oct. 31, 2003); *Walker v. Mass. Fin. Serv.*, No. 03-CV-12629 (D. Mass. filed Dec. 30, 2003); and *Calderon v. Amvescap, PLC*, No. 03-CV 2604 (D. Colo. filed Dec. 24, 2003).

Robert I. Harwood, senior partner of Harwood, graduated from William and Mary Law School in 1971, and has specialized in class action litigation since beginning his career in 1972 at the Enforcement Division of the New York Stock Exchange.  He has prosecuted numerous

securities, class, derivative, and ERISA actions.  He is a member of the Trial Lawyers' Section of the New York State Bar Association and has served as a guest lecturer at trial advocacy programs sponsored by the Practicing Law Institute.

Mr. Harwood has served as lead counsel in *Morse v. McWhorter*, No. 97-CV-00370 (M.D. Tenn. filed Apr. 8, 1997), in which a settlement fund of $49.5 million was created for the benefit of the Class, as well as *In re Bank One Shareholders Class Actions*, No. 00-CV-00880 (N.D. Ill. filed Feb. 11, 2000), which resulted in the creation of a $45 million settlement fund. Mr. Harwood also served as co-lead counsel in *In re Safety-Kleen Corp. Stockholders Litig.*, No. 00-CV-00736-JFA (D.S.C. filed Mar. 7, 2000), which resulted in a settlement fund of $44.5 million; *In re Laidlaw Stockholders Litig.*, No. 00-CV-00855-JFA (D.S.C. filed March 17, 2000), which resulted in a settlement fund of $24 million; *Rothstein v. JWP Inc.*, No. 92-CV-05815 (S.D.N.Y. filed Aug. 4, 1992) (Conner, J.), which resulted in a $37 million settlement fund; *In re Oxford Health Plans, Inc. Securities Litigation*, No. 21-mc-0076 (S.D.N.Y. filed May 5, 1998) (Brieant, J.), which resulted in a settlement benefit of $13.7 million and corporate therapeutics; and *In re UnumProvident Corp. Sec. Litig.*, No. 99-CV-00301-SJM (D. Me. filed Sept. 30, 1999), which resulted in the creation of a settlement fund of $45 million.

### C.     Milberg, Zimmerman Reed, Lockridge and Harwood Have the Necessary Resources to Represent the Class

DeSousa's Counsel are highly successful and established law firms and have the financial resources and personnel necessary to vigorously pursue this action.  Moreover, Plaintiff DeSousa's proposed leadership structure possesses experience handling large-scale, complex class-action litigation, and is thus able to budget the appropriate resources to prosecute this action without duplicating or wasting resources.

**D.      Plaintiff DeSousa's Proposed Leadership Structure is Superior to the Leadership Structures Proposed in Competing Motions.**

To date, there have been two motions filed in support of competing leadership structures, one by Plaintiffs Rinehart and Fong, in support of Wolf Haldenstein Adler Freeman & Herz LLP and Gainey & McKenna as lead counsel, and one by Plaintiff Buzzo in support of Izard Nobel LLP as lead counsel and Sarraf Gentile LLP as Liaison Counsel. Major Khan LLP law firm is listed on the Buzzo motion, but the proposed role for Major Khan is unexplained. Those motions also seek the consolidation of related ERISA actions. As discussed above, Plaintiff DeSousa supports and does not oppose the consolidation of the above-referenced actions.

Regarding lead counsel appointment, this Court must select the class counsel that will best serve the interests of the proposed ERISA class. Plaintiff DeSousa respectfully submits that counsel in *Buzzo*, *Fong* and *Rinehart* do not have the combined experience and resources that DeSousa's Counsel have. While Plaintiff DeSousa recognizes that these firms have ERISA and class action experience and are fine lawyers, she maintains that Milberg, Zimmerman Reed, Lockridge and Harwood remain superior choices.

First, DeSousa's Counsel has presented the Court with a comprehensive complaint that sets forth in detail the facts and circumstances presented in this Action. DeSousa's Counsel has pooled its resources together in undertaking extensive investigatory efforts in continuing to litigate this case vigorously. The pooled resources of the four firms that comprise Plaintiff DeSousa's proposed leadership structure are more extensive than those of the pairings of firms proposed by the *Rinehart/Fong* and *Buzzo* plaintiffs. The combined resources of Plaintiff DeSousa's Counsel will ensure that a superior level of time, effort and resources be devoted to the prosecution of this case. In addition, Milberg, Zimmerman Reed, Lockridge and Harwood

have successfully worked together in the past and thus have the relationship necessary to enable them to efficiently prosecute this case.

Furthermore, as discussed above, DeSousa's Counsel have extensive experience in ERISA actions, and complex litigation in general -- a factor that will enable them to litigate the action efficiently and effectively. Finally, Milberg, Zimmerman Reed, Lockridge and Harwood together possess a team of attorneys and the resources superior to those of competing movants.

## CONCLUSION

For the foregoing reasons, Plaintiff DeSousa respectfully requests that the Court enter Proposed Order:  (1) consolidating the ERISA Actions; (2) appointing Milberg LLP and Zimmerman Reed PLLP as Interim Co-Lead Counsel, and Lockridge Grindal Nauen PLLP and Harwood Feffer LLP as Executive Committee Members to act on behalf of ERISA class plaintiffs; (3) denying Wolf Haldenstein and Gainey & McKenna's Joint motion to appoint Wolf Haldenstein and Gainey McKenna as Interim Class Co-Counsel and Izard Nobel LLP's Motion to be appointed as Interim Lead Counsel and Sarraf Gentile LLP as Interim Liaison Counsel; and (4) granting such other relief as the Court may deem just and proper.

DATED:  July 28, 2008

Respectfully submitted,

MILBERG LLP


By:  */s/ Lori G. Feldman*

Lori G. Feldman
Arvind B. Khurana
Sara Fuks
Jennifer Sosa
One Pennsylvania Plaza
New York, NY  10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229
lfeldman@milberg.com
akhurana@milberg.com
sfuks@milberg.com
jsosa@milberg.com


**ZIMMERMAN REED P.L.L.P.**
Timothy J. Becker
Kirsten D. Hedgberg
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
(612) 341-0400 (telephone)
(612) 341-0844 (facsimile)

TJB@zimmreed.com
KDH@zimmreed.com


*Attorneys for Plaintiff Maria DeSousa and Proposed Interim Co-Lead Counsel for the Class*


**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Gregg M. Fishbein
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401-2197
(612) 339-6900 (telephone)
(612) 339-0981 (facsimile)
gmfishbein@locklaw.com

**HARWOOD FEFFER LLP**
Robert I. Harwood
488 Madison Avenue, 8th Floor
New York, New York 10022

(212) 935-7400 (telephone)
(212) 753-3630 (facsimile)
rharwood@hfesq.com

***Attorneys For Plaintiff Maria DeSousa and
Proposed Executive Committee Members***