UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX E. RINEHART, On Behalf of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEHMAN BROTHERS HOLDINGS INC., RICHARD S. FULD, JR., MICHAEL L. AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, SIR CHRISTOPHER GENT, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, ERIN M. CALLAN, WENDY M. UVINO, THE EMPLOYEE BENEFIT PLANS COMMITTEE, and JOHN DOES 1-10,<br><br>Defendants. | **Civil Action No. 08cv5598 (LAK)** |

[Additional Captions Follow]

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF JO ANNE BUZZO'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM LEAD PLAINTIFF, INTERIM LEAD COUNSEL AND <u>INTERIM LIAISON COUNSEL</u>**

| | |
|---|---|
| JO ANNE BUZZO, On Behalf of Herself And All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>LEHMAN BROTHERS HOLDINGS INC., WENDY M. UVINO, LEHMAN BROTHERS HOLDINGS INC. EMPLOYEE BENEFIT PLANS COMMITTEE, JOHN DOES 1-10, HENRY KAUFMAN, JOHN F. AKERS, ROGER S. BERLIND, MARSHA JOHNSON EVANS, and ROLAND A. HERNANDEZ,<br><br>                    Defendants. | **Civil Action No. 08cv6245 (UA)** |
| MONIQUE MILLER FONG, On Behalf of Herself And All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>LEHMAN BROTHERS HOLDINGS INC., RICHARD S. FULD, JR., MICHAEL L. AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, SIR CHRISTOPHER GENT, JERRY A. GRUNDHOFER, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, ERIN M. CALLAN, WENDY M. UVINO, THE EMPLOYEE BENEFIT PLANS COMMITTEE, and JOHN DOES 1-10,<br><br>                    Defendants. | **Civil Action No. 08cv6282 (LAK)** |

Plaintiffs Alex E. Rinehart and Monique Miller Fong ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Opposition to Plaintiff Jo Anne Buzzo's Motion for Consolidation of Related Actions and for Appointment of Interim Lead Plaintiff, Interim Lead Counsel and Interim Liaison Counsel.

As discussed below, Plaintiffs are in accord that the above-captioned actions and any other subsequently filed related ERISA actions should be consolidated in this Court. However, Plaintiffs oppose the appointment of a "lead plaintiff" in this ERISA action, the appointment of Izard Nobel LLP as interim lead counsel, and Sarraf Gentile LLP as interim liaison counsel (collectively the "Izard/Sarraf Group"). No lead plaintiff need be appointed, as there is no requirement or provision in the ERISA statute for the appointment of a lead plaintiff in an ERISA case. Moreover, the Izard/Sarraf Group has been following the lead of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Gainey & McKenna (collectively, the "Wolf/McKenna Group") since the inception of these actions: the Izard/Sarraf Group filed a complaint on behalf of plaintiff Buzzo on July 10, 2008, nearly three weeks *after* the first-filed *Lehman* ERISA action, the *Rinehart* action, was filed by Gainey and McKenna on June 20, 2008. Similarly, the Izard/Sarraf Group did not file its motion to consolidate and appoint lead plaintiff and interim class counsel until several days *after* the Wolf/McKenna Group filed its motion for consolidation and appointment of interim class counsel. Finally, the appointment of Sarraf Gentile LLP as interim liaison counsel is unnecessary as both Wolf Haldenstein and Gainey & McKenna are New York law firms.

### I.    INTRODUCTION

On June 20, 2008, Plaintiff Rinehart, by and through his counsel, Gainey & McKenna, filed a complaint against Lehman Brothers Holdings, Inc. ("Lehman" or the "Company") and certain Lehman executives and employees, collectively, "Defendants," fiduciaries of the Lehman

Brothers Savings Plan (the "Plan"), a defined contribution plan established and/or sponsored by Lehman as a benefit for its employees. The complaint was filed by plaintiff Rinehart individually, on behalf of the Plan, and as a representative of a proposed Class of Plan participants and beneficiaries. Thereafter, on or about July 10, 2008, the Izard/Sarraf Group filed a complaint on behalf of plaintiff Buzzo, and, on the following day, July 11, 2008, the Wolf/McKenna Group filed a complaint on behalf of plaintiff Fong.

Each of the three complaints alleges that Defendants, who were fiduciaries of the Plan, allowed the Plan to acquire and hold Lehman stock despite knowing that Lehman stock was an imprudent investment alternative. Plaintiffs' claims arise from, *inter alia*, the failure of the Defendants-fiduciaries of the Plan to act solely in the interest of the Plan's participants and beneficiaries and to exercise the care, skill, prudence, loyalty and diligence in administering the Plan and investment of its assets mandated under §§ 404 and 405 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104 and 1105. Plaintiffs seek relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf the Plan and a proposed class of all Plan participants who sustained losses to their retirement accounts.

The Wolf/McKenna Group filed their Joint Motion to Consolidate ERISA Cases, to Appoint Interim Class Co-Counsel, and for Entry of Pretrial Order No. 1 on July 11[1] and 14[2], 2008. On July 15, 2008, the Izard/Sarraf Group filed their Memorandum of Law in Opposition to Plaintiff Jo Anne Buzzo's Motion for Consolidation of Related Actions and for Appointment of Interim Lead Plaintiff, Interim Lead Counsel and Interim Liaison Counsel.[3]

---

[1] *Rinehart v. Lehman Holdings Inc.*, 08 Civ. 5598 (S.D.N.Y.)(D.I. 2) (re-filed due to ECF error as D.I. 18)
[2] *Fong v. Lehman Brothers Holdings, Inc.*, 08 Civ. 6282 (S.D.N.Y.)(D.I. 2)
[3] *Buzzo v. Lehman Holdings Inc.*, 08 Civ. 6245 (S.D.N.Y.)(D.I. 3) (re-filed due to ECF error as D.I. 7)

## II. ARGUMENT

### A. An Interim "Lead Plaintiff" Is Inappropriate In This ERISA Case

The Izard/Sarraf Group's motion seeks to have plaintiff Buzzo appointed as lead plaintiff in this action "[o]n an interim basis pending class certification . . . as is required in an action on behalf of the Plan under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2)." (*See* Izard/Sarraf Group Brief at p.2) The Izard/Sarraf Group's view of what is *"required"* under the law does not bode well for its attempt to represent the Class. In fact, there is ***no requirement or provision*** in the ERISA statute for the appointment of a lead plaintiff in an ERISA case, and the Izard/Sarraf Group has not even attempted to demonstrate why such a designation would be advantageous or necessary in this particular ERISA case.

A "lead plaintiff" is a creation of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a statute enacted by Congress that applies only to securities class actions brought under federal law. 15 U.S.C. § 77z-1(a)(1). In contrast, ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), provides only that a civil action may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 [29 U.S.C. §1109]." ERISA § 509(a), 29 U.S.C. § 1109(a), in turn, imposes personal liability on breaching fiduciaries on behalf of a plan:

> to make good to ***such plan*** any losses to the plan resulting from each such breach, and to restore to ***such plan*** any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

(Emphasis added). Nothing in the ERISA statute requires – or even provides for – the appointment of a "lead plaintiff" in such cases.

3

Relief sought under ERISA § 502(a)(2) inures solely to the benefit of a plan, not to the benefit of individual participants of a plan. In sum, the basic policy behind such an ERISA action, whereby a representative plaintiff is stepping into the shoes of a plan – rather than representing a large group of individual direct claimants – does not necessitate the appointment of a lead plaintiff. *Compare In re Doral Fin. Corp. Sec. Litig.*, No. 05 MDL 1706 RO, 2006 WL 1120491, at *1 (S.D.N.Y. Apr. 27, 2006) (noting that there is "[n]o statutory authority exists for the appointment of lead plaintiff in shareholder derivative actions"); *DiRienzo v. Philip Servs. Corp.*, 232 F.3d 49, 61-62 (2d Cir. 2000) (distinguishing between "lead plaintiffs" in class actions under the PSLRA and "plaintiffs in derivative actions").

### B. Wolf Haldenstein And Gainey & McKenna Should Be Appointed Interim Class Co-Counsel

As discussed in the Wolf/McKenna Group's Memorandum of Law in Support of Plaintiffs' Joint Motion to Consolidate ERISA Cases, to Appoint Interim Class Co-Counsel, and for Entry of Pretrial Order No. 1, the Wolf/McKenna Group amply satisfies the requirements of Rule 23(g)(1) for appointment as interim class co-counsel, in that they have performed significant work in this case, have extensive experience in ERISA and class action litigation, and will commit the resources necessary to represent the Class.[4]

In fairness, there is no question that all plaintiffs' counsel in this case satisfy the requirements of Rule 23(g)(1). However, it consistently has been the Wolf/McKenna Group that has been advancing this litigation, by, *inter alia*, being the first to file a Complaint and the first to move to consolidate and appoint interim class counsel. Similarly, the Wolf/McKenna Group was the first to request from Defendants all relevant Plan documents pursuant to ERISA § 104(b)(4)

---

[4] Rather than overburden the Court, and in the interests of efficiency, we incorporate those arguments here by reference.

4

on June 18, 2008. *See* Declaration of Mark C. Rifkin in Opposition to Plaintiff Jo Anne Buzzo's Motion for Consolidation of Related Actions and for Appointment of Interim Lead Plaintiff, Interim Lead Counsel and Interim Liaison Counsel ("Rifkin Decl."), Exhibit A.

In the weeks since the filing of these actions, both the Wolf/McKenna Group and the Izard/Sarraf Group have been dealing with counsel for Defendants regarding service and scheduling, and each group has served notice of this action on the United States Secretary of the Treasury and Secretary of Labor as required by ERISA § 502(h). *See* Rifkin Decl., Exhibit B.

Finally, the Wolf/McKenna Group is also superior in its attention to detail. Though Lehman's 2008 Form 11-K was filed on or about June 26, 2008 (***after*** the *Rinehart* action was filed but approximately two weeks ***before*** the *Buzzo* and *Fong* actions were filed), the *Buzzo* complaint references the Form 11-K filed in 2007 rather than the current Form 11-K. *See Buzzo* Complaint, ¶¶ 11, 12, and 21-24. On the other hand, the Wolf/McKenna Group has conscientiously followed the Company and its relevant filings to stay informed of facts as they develop. As a result, the *Fong* Complaint references the current Form 11-K filed on June 26, 2008. *Fong* Complaint, ¶¶ 17, 33, 34, and 63.

### C. Sarraf Gentile Should Not Be Appointed Interim Liaison Counsel

Plaintiffs respectfully oppose the appointment of Sarraf Gentile as interim liaison counsel. Each firm comprising the Wolf/McKenna Group has a substantial New York presence and practices extensively in the Southern District of New York, thus obviating the need for interim liaison counsel.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Jo Anne Buzzo's Motion for Consolidation of Related Actions and for Appointment of Interim Lead

5

Plaintiff, Interim Lead Counsel and Interim Liaison Counsel (in all respects save consolidation), and enter Plaintiffs' [Proposed] Order: (1) consolidating the ERISA actions along with any subsequently filed action; (2) appointing Wolf Haldenstein and Gainey & McKenna as interim class co-counsel to act on behalf of the ERISA class plaintiffs; and (3) granting such other relief that the Court deems just and proper.

Dated: July 29, 2008

Respectfully submitted,

**GAINEY & McKENNA**

/s/ Thomas J. McKenna
Thomas J. McKenna
295 Madison Avenue
New York, NY 10017
Tel: (212) 983-1 300
Fax: (212) 983-0383

*Attorneys for Plaintiff Rinehart and
Proposed Interim Class Co-Counsel*

**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**

/s/ Mark C. Rifkin
Mark C. Rifkin
Scott J. Farrell
270 Madison Ave.
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 545-4653

*Counsel for Plaintiff Monique Miller Fong and
Proposed Interim Class Co-Counsel*

516777