## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ALEX E. RINEHART, On Behalf of Himself And All Others Similarly Situated, | |
| Plaintiff, | |
| vs. | Civil Action No: 08 Civ.5598(MGC) |
| LEHMAN BROTHERS HOLDINGS INC., Richard S. Fuld, Jr., Michael L. Ainslie, John F. Akers, Roger Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Christopher Gent, Roland A. Hernandez, Henry Kaufman, John D. Macomber, Erin M. Callan, Wendy M. Uvino, The Employee Benefit Plans Committee, and John Does 1-10, | |
| Defendants. | |

---

| | |
|---|---|
| JO ANNE BUZZO, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| vs. | Civil Action No: 08 Civ. 6245(LAK) |
| LEHMAN BROTHERS HOLDINGS INC., Wendy M. Uvino, Lehman Brothers Holdings Inc. Employee Benefit Plans Committee, John Does 1-10, Henry Kaufman, John F. Akers, Roger S. Berlind, Marsha Johnson Evans and Roland A. Hernandez. | |
| Defendants. | |

---

| | |
|---|---|
| MONIQUE MILLER FONG, On Behalf Of Herself And All Others Similarly Situated, | |
| Plaintiff, | |
| vs. | Civil Action No: 08 Civ. 6282 (UA) |

|  |  |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., RICHARD S. FULD, JR., MICHAEL L. AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, SIR CHRISTOPHER GENT, JERRY A. GRUNDHOFER, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, ERIN M. CALLAN, WENDY M. UVINO, THE EMPLOYEE BENEFIT PLANS COMMITTEE, and JOHN DOES 1-10,<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

------------------------------------------------------x

| | | |
|---|---|---|
| MARIA DESOUSA, On Behalf Of Herself And All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>LEHMAN BROTHERS HOLDINGS INC., RICHARD S. FULD, JR., ERIN M. CALLAN, WENDY M. UVINO, MICHAEL L. AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA J. EVANS, SIR CHRISTOPHER GENT, JERRY A. GRUNDHOFER, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, THE EMPLOYEE BENEFIT PLANS COMMITTEE, THE COMPENSATION AND BENEFITS COMMITTEE, and JOHN DOES 1-20,<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br><br>Civil Action No: 08 Civ. 6626 (UA) |

------------------------------------------------------x

**PLAINTIFF JO ANNE BUZZO'S OPPOSITION TO:**
**(1) PLAINTIFFS/MOVANTS ALEX E. RINEHART'S AND MONIQUE MILLER FONG'S JOINT MOTION TO CONSOLIDATE ERISA CASES, TO APPOINT INTERIM CLASS CO-COUNSEL, AND FOR ENTRY OF PRETRIAL ORDER NO. 1; and,**
**(2) PLAINTIFF MARIA DESOUSA'S MOTION FOR CONSOLIDATION, APPROVAL OF THE PROPOSED LEADERSHIP STRUCTURE, AND ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1**

**AND**

**PLAINTIFF JO ANNE BUZZO'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR CONSOLIDATIO OF RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM LEAD PLAINTIFF, INTERIM LEAD COUNSEL AND INTERIM LIAISON COUNSEL**

Robert A. Izard
Wayne T. Boulton
**IZARD NOBEL LLP**
20 Church St., 17th Floor
Hartford, CT 06103

Ronen Sarraf
Joseph Gentile
**SARRAF GENTILE LLP**
11 Hanover Square, 2d Floor
New York, NY 10005

*Counsel for Plaintiff Jo Anne Buzzo and Proposed Interim Counsel for the ERISA Class Plaintiffs*

Plaintiff Jo Anne Buzzo ("Plaintiff Buzzo"), by her undersigned counsel, respectfully submits this Memorandum of Law in Opposition to the Joint Motion to Consolidate ERISA Cases, to Appoint Interim Class Co-Counsel and For Entry of Pretrial Order No. 1 filed by plaintiffs Alex E. Rinehart and Monique Miller Fong (hereinafter "Plaintiffs Rinehart and Fong" and, the "Rinehart/Fong Motion") and to the similar motion filed by Plaintiff Maria DeSousa on July 28, 2008 (hereinafter "Plaintiff DeSousa and, the "DeSousa Motion.")  In addition, Plaintiffs Rinehart and Fong and Plaintiff DeSousa have now filed briefs in opposition to Plaintiff Buzzo's own Motion for Consolidation of Related Actions and for Appointment of Interim Lead Plaintiff, Interim Lead Counsel and Interim Liaison Counsel (the "Buzzo Motion").[1]  Accordingly, and in the interests of reducing the number of briefs the Court will need to review, Plaintiff Buzzo takes this opportunity to reply to the arguments in those briefs as well.

For the reasons set forth in Plaintiff Buzzo's initial memorandum of law (the "Buzzo Brief"), Plaintiff Buzzo respectfully requests that the Court (1) deny the Rinehart/Fong Motion and the DeSousa Motion; (2) grant the Buzzo motion; (3) appoint Buzzo as Interim Lead Plaintiff; (4) appoint Izard Nobel LLP ("Izard Nobel") as Interim Lead Counsel; and (5) appoint Sarraf Gentile LLP ("Sarraf Gentile") as Interim Liaison Counsel.

---

[1] *See* Memorandum of Law in Support of Plaintiff Maria DeSousa's Motion For (1) Consolidation, (2) Approval of the Proposed Leadership Structure, (3) Entry of [Proposed] Pretrial Order No. 1 and (4) Response in Opposition to the Respective Competing Motions of Plaintiffs Rinehart/Fong and Plaintiff Buzzo (the "DeSousa Brief"); Memorandum of Law in Opposition to Plaintiff Jo Anne Buzzo's Motion for Consolidation of Related Actions and for Appointment of Interim Lead Plaintiff, Interim Lead Counsel and Interim Liaison Counsel (the "Rinehart/Fong Opp. Brief").

1

I.  **INTRODUCTION**

Pending before the Court are a number of actions alleging breaches of fiduciary duty under ERISA against Lehman Brothers ("Lehman") and other fiduciary defendants with respect to their actions and omissions relating to company stock fund investments by the Plan, a 401(k) plan sponsored by Lehman.  As a result of the similar legal and factual allegations, Plaintiffs Buzzo, DeSousa, Rinehart and Fong filed motions to consolidate and appoint a leadership structure for the litigation.

All three motions seek to have the ERISA actions consolidated, but each proposes a different leadership structure.  As noted, Plaintiff Buzzo proposes herself as lead plaintiff, with Izard Nobel as Interim Lead Counsel and Sarraf Gentile as Interim Liaison Counsel; Plaintiffs Rinehart and Fong propose Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Gainey & McKenna as Interim Co-Lead Counsel. Plaintiff DeSousa proposes Milberg LLP and Zimmerman Reed P.L.L.P. as co-lead counsel, and an Executive Committee consisting of Lockridge Grindal Nauen P.L.L.P. ("Lockridge") and Harwood Feffer LLP.  When the competing applications are evaluated in light of the factors set forth in FED. R. CIV. P. 23(g), Plaintiff Buzzo and her proposed counsel are best suited to represent the Plans and the putative Class in these ERISA Actions.

As detailed in the memorandum supporting the Buzzo Motion (the "Buzzo Brief"), Izard Nobel has far more experience prosecuting directly analogous ERISA class actions and has achieved unparalleled results for class members. The leadership structure proposed by Plaintiff Buzzo will ensure that the participants obtain the best possible representation in this important, highly complex case.

## II. ARGUMENT

### A. The Parties Agree that the Cases Should be Consolidated

All parties agree that the Lehman Brothers ERISA actions should be consolidated. Thus, the only question is the composition of the interim leadership structure for the proposed class.

### B. The Buzzo Leadership Structure Should Be Appointed

Plaintiff Buzzo respectfully submits that Buzzo should be appointed Interim Lead Plaintiff, Izard Nobel should be appointed Interim Lead Counsel and Sarraf Gentile should be appointed Interim Liaison Counsel to promote the orderly, efficient and coordinated prosecution of this litigation.

#### 1. A Lead Plaintiff Should Be Appointed

Plaintiffs Rinehart and Fong argue that no interim lead plaintiff should be appointed. Rinehart/Fong Opposition Brief, at 3-4. Plaintiff Buzzo disagrees. Until such time as a class is certified and class representatives are appointed, a client must be available to direct the litigation. For example, many cases settle before class certification. In order to avoid purely lawyer-driven litigation, a lead plaintiff should be designated to make decisions on behalf of the plan. Perhaps for this reason, lead plaintiffs are routinely appointed in ERISA company stock cases of this type. *See, e.g., Gray v. Citigroup Inc.,* 07 Civ. 9790 (SHS) (S.D.N.Y. Jan. 22, 2008) (attached to Declaration of Mark Kindall as Exh. A); *In re Marsh ERISA Litig.,* Master File No. 04-cv-8157 (S.D.N.Y. Feb. 9, 2005) (attached to Kindall Decl. as Exh. B); *In re Bausch & Lomb, Inc. ERISA Litig.,* Master File No. 06-cv-6297-MAT-MWP (W.D.N.Y. Aug. 28, 2006) (attached to Kindall Decl. as Exh. C); *In re Diebold ERISA Litig.,* 5:06 CV 0170 (N.D. Ohio Nov. 17, 2006) (attached to Kindall Decl. as Exh. D); *In re Merck Litig.,* No.

05-1157 (D.N.J. Apr. 18, 2005) (attached to Declaration of Robert Izard in Support of Buzzo Brief as Exh. A); *In re Tyco Int'l. Sec. and ERISA Litig.,* MDL Docket No. 02-1335-B (D.N.H. Dec. 20, 2002) (attached to Izard Decl. as Exh. B).

### 2. Counsel for Plaintiff Buzzo Has More Experience In This Type of Class Action

Plaintiffs Rinehart, Fong and DeSousa propose co-lead counsel from fine firms – Wolf Haldenstein, Gainey & McKenna, Milberg and Zimmerman Reed. However, these firms do not have as much relevant ERISA experience as Izard Nobel. Izard Nobel has been a pioneer in litigating ERISA class actions against fiduciaries of 401(k) plans that invest plan assets in artificially inflated company stock, beginning with the firm's involvement in the ground-breaking *Enron* and *Worldcom* cases in 2001 and 2002. As a result of Izard Nobel's early involvement, the firm has litigated the key issues that arise in these specialized cases numerous times. The firm has served or is serving as lead or co-lead counsel in fourteen "company stock" ERISA cases, and on the executive committee of several more. *See* Buzzo Brief, at 5-6. Izard Nobel has successfully briefed and argued many motions to dismiss in analogous cases.[2] The firm has prevailed

---

[2] *See, e.g., In re First American Corp. ERISA Litig.,* SACV 07-01357-JVS (RNBx), slip op. (C.D. Cal. July 14, 2008), *In re Dell, Inc. ERISA Litig.,* No. A-06-CA-758-SS, 2008 WL 2600175 (W.D. Tex. June 23, 2008), *In re Diebold ERISA Litig.,* No. 06-CV-00170, 2008 WL 2225712 (N.D. Ohio May 28, 2008), *In re Cardinal Health, Inc. ERISA Litig.,* 424 F. Supp. 2d 1002 (S.D. Ohio 2006), *In re Merck & Co. Inc. Sec., Derivative & "ERISA" Litig.,* 39 Employee Benefits Cases 1053 (D.N.J. 2006), *In re JDS Uniphase Corp. ERISA Litig.,* No. 03-04743 WWS, 2006 WL 2597995 (N.D. Cal. Sept. 11, 2006), *In re AOL Time Warner Inc., Sec. and ERISA Litig.,* No. MDL 1500, 02 Civ. 8853(SWK), 2005 WL 563166 (SDNY Mar. 10, 2005), *In re AEP ERISA Litig.,* 327 F. Supp. 2d 812 (S.D. Ohio 2004), *In re Electronic Data Systems Corp. ERISA Litig.,* 305 F. Supp. 2d 658 (E.D. Tex. 2004), *In re Reliant Energy ERISA Litig.,* 336 F. Supp. 2d 646 (S.D. Tex. 2004), *In re Sprint Corp. ERISA Litig.,* 388 F. Supp. 2d 1207 (D. Kan. 2004), *In re Tyco Int'l, Ltd. Sec. Litig.,* No. MDL 02-1335-PB, 02-1357-PB, 2004 WL 2903889 (D.N.H. Dec. 2, 2004), *In re Sprint Corp. ERISA Litig.,* No. 03-2202-JWL, 2004 WL 2182186 (D. Kan. Sept. 24, 2004), *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 284 F. Supp. 2d 511 (S.D. Tex. 2003), and *Vivien v. Worldcom, Inc.,* 2002 WL 31640557 (N.D. Cal. Jul 26, 2002).

on several contested class certification motions.³ As a result of this extensive experience, Izard Nobel has already briefed and argued, and negotiated the resolution of, the many discovery disputes that arise in ERISA company stock cases, such as the limits of attorney-client privilege with respect to communications between plan fiduciaries and plan counsel. This experience will lead to a more efficient discovery process which will reduce the discovery burden on the parties and the Court.

Izard Nobel's work in this area has resulted in notable advances in ERISA law. *See, e.g., Vivien v. Worldcom, Inc.,* No. C 02-01329 (WHA), 2002 WL 31640557, *7 (N.D. Cal. Jul. 26, 2002) (determining that SEC filings incorporated by reference into Plan documents become fiduciary communications); *In re Tyco Int'l, Ltd., Sec. Litig.,* No. MD-02-1335-PB, 2006 WL 2349338 *6 (D.N.H. Aug. 15, 2006) (applying the presumption of reliance from securities fraud cases in an ERISA company stock case); *In re Cardinal Health, Inc. ERISA Litig.*, 424 F. Supp. 2d 1002, 1042-1044 (S.D. Ohio 2006) (expressly declining to apply loss causation principles under *Dura Pharms., Inc. v. Brudo* in an ERISA context).

Most importantly, Izard Nobel's efforts have achieved superior results on behalf of pension plan participants, including the $40 million settlement in *Cardinal Health,* the $29 million settlement in *AT&T,* and the $100 million settlement in *AOL*. As noted in the Buzzo Brief, the Special Master in AOL specifically found that Izard Nobel and co-counsel "used the mediation process to persuade reluctant and determined defendants to part with" an additional $30 million for the class – an amount "well above" expectations

---

³ *See, e.g., In re Tyco Int'l, Ltd. Sec. Litig.,* 2006 WL 2349338 (D.N.H. Aug. 15, 2006), *In re Reliant Energy ERISA Litig.,* 2005 WL 2000707 (S.D. Tex. Aug. 18, 2005), *In re Electronic Data Systems Corp. ERISA Litig.,* 224 F.R.D. 613 (E.D. Tex. 2004), and *Furstenau v. AT&T,* No. 02-5409, slip op. (D.N.J. Sept. 2, 2004).

5

– "stretch[ing] the defendants' settlement tolerances beyond their limits" and representing "some of the hardest work and most outstanding results."  Report & Recommendation of Special Master dated August 7, 2007 at 7, 30 & 37 (attached as Exhibit C to the Izard Decl.), approved by the Court by Memorandum Opinion dated October 26, 2007 (attached as Exhibit D to the Izard Decl.).

In comparison, the firms selected by Plaintiffs DeSousa, Rinhart and Fong, each of which is a fine class action firm, do not have the same depth of experience that Izard Nobel possesses in this practice area.

### (a) *Wolf Haldenstein and Gainey & McKenna*

All of the cases cited by Plaintiffs Rinehart and Fong in which courts have recognized Wolf Haldenstein's qualifications are securities cases, *not* ERISA cases. Rinehart/Fong Brief, at 7-8.  Wolf Haldenstein lists eight "company stock" ERISA cases where it has served in a leadership capacity.  *Id.* at 7.  In only four of these cases was a motion to dismiss litigated and decided (*MBNA, AON, Aquila* and *Guidant*), and only two have involved contested motions for class certification to date (*AON* and *Aquila*).  Three have settled: *Tower* (for $5.7 million), *Aquila* (for $10.5 million) and *Spiziri* (for $4.45 million).  Both *Tower* and *Spiziri* settled early in the litigation, before motions to dismiss were decided, and the classes were certified at settlement without contest.

The Rinehart/Fong Brief indicates that Gainey & McKenna has also been appointed lead or co-lead counsel in eight ERISA "company stock" cases from 2005 and 2006.  Only two of these cases have decisions on motions to dismiss (motion denied in *Taylor;* motion granted with leave to replead in *KB Homes*); none have litigated a contested motion for class certification, and in only one has a settlement been submitted

6

to the court for approval (a non-cash settlement in *Zale* with plan amendments valued at $7 million).

### (b)    *Milberg and Zimmerman Reed*

The DeSousa brief lists four cases in which Milberg serves or has served as co-lead counsel in a "company stock" ERISA class action: Royal Dutch Shell, Morgan Stanley, First American and Boston Scientific. DeSousa Br., at 11. Of these, two have been litigated through a motion to dismiss (First American and Boston Scientific), and although class certification has been briefed in Boston Scientific, there has been no ruling to date. Royal Dutch Shell produced a substantial settlement prior to a motion to dismiss. The Morgan Stanley case is relatively recent, and has not yet proceeded to the filing of a motion to dismiss. Milberg, like Izard Nobel, has some experience in other types of ERISA class actions, however, its experience in cases lie the one at bar does not match Izard Nobel's.[4]

The DeSousa Brief rightly describes Zimmerman Reed as a leader in complex litigation. DeSousa Brief, at 16. However, it lists only three cases in which it represented Plan Participants in an ERISA action: *Merrill Lynch, Caremark* and *PCS Health*. Zimmerman Reed does not appear to be claiming that it had a leadership role in these cases. Only one (*Merrill*) involves a company stock fund claim, and other counsel were appointed lead in that case. The remaining two cases (*Caremark* and *PCS*), which did not involve company stock funds, were dismissed with prejudice.[5]

---

[4] Plaintiff DeSousa notes that Milberg also has experience in cases involving the sub-prime mortgage industry. DeSousa Brief, at 11-12. However, Izard Nobel, like Milberg, is co-lead counsel in *First American*, and has the same familiarity with the issues involved.

[5] Plaintiff DeSousa proposes two additional firms as an Executive Committee for the litigation: Lockridge and Harwood Feffer. Lockridge lists six cases in which it represented plan participants

7

### 2. The Buzzo Complaint Is More Comprehensive and Better Conforms to Important ERISA Precedents

Although there are many similarities between all of the complaints, there are key differences which highlight the work done by Izard Nobel as a result of the firm's substantial experience in cases of this type.[6]

For example, Plaintiff Buzzo alleges that the Plan imprudently invested in the Lehman Brothers Common Stock Fund (the "Fund"), and that the Fund imprudently invested in Lehman common stock. *See, e.g.,* Buzzo Comp., ¶¶ 4, 5, 95, and 96. This is important because plaintiffs have two separate claims under ERISA: that it was imprudent for the fiduciaries to continue to offer the Funds, *and* that it was imprudent for them to continue to invest *Fund* assets in Lehman stock.[7] The Complaints by Rinehart, Fong and DeSousa, on the other hand, refer only to the Plan's imprudent investments in Lehman stock. *See, e.g.,* Rinehart Compl., at ¶¶ 2, 35, 78, 80, 130 and 132; Fong Compl., at ¶¶ 2, 35, 78, 81, 132 and 133.

Additionally, although all four Complaints identify September 13, 2006 as the first day of the Class Period, the significance of the date is not apparent from the Rinehart and Fong Complaints, which only allege that Lehman stock was an imprudent investment

---

in company stock cases, but does not state that it was appointed to a leadership position in any of them. DeSousa Brief, at 20. Izard Nobel is co-lead counsel in one of the cases listed by Lockridge (*Tyco*), and is Chair of the Lead Counsel Committee in another (*Merck*), where Lockridge serves on the discovery committee. Harwood Feffer has more experience in this type of action than any of the other counsel in the DeSousa Motion's proposed leadership structure; however, the firm is not being proposed ever as co-lead.

[6] Plaintiffs Rinehart and Fong put great stress on the fact that they filed the first complaint and the first motion to consolidate. Rinehart/Fong Opp. Br., at 1. In contrast, Rule 23(g) does not mention this factor, and the Court should put no weight on it.

[7] *See, e.g., In re Ferro Corp. ERISA Litig.*, 422 F. Supp. 2d 850, 859 (N.D. Ohio 2006); *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1220 (D. Kan. 2004); *In re Enron Corp. Secs., Derivative & ERISA Litig.*, 284 F. Supp. 2d at 668.

8

during the Class Period because of undisclosed facts about its exposure to sub-prime mortgage-backed derivatives – facts which the company began to disclose in July of 2007. Rinehart Compl., at ¶¶ 42-43; Fong Compl., ¶¶ 42-43. In contrast, the Buzzo Complaint (and the DeSousa Complaint) provide detailed allegations concerning specific false and misleading statements made by the Company and its senior management, beginning with the earnings announcement on September 13, 2006, which caused Lehman stock to be an imprudent investment and its price to be artificially inflated during the Class Period. Buzzo Comp., at ¶¶ 51-90. Therefore, Buzzo and DeSousa allege facts which set forth the factual basis for the beginning of the Class Period.[8]

### 3. Counsel For Plaintiff Buzzo Have The Resources Necessary To Represent The Class

Plaintiff DeSousa argues that counsel for Plaintiff Buzzo "do[es] not have the combined experience and resources that DeSousa's Counsel have." DeSousa Br., at 24. As described above and in Plaintiff Buzzo's Brief, Izard Nobel is an established leader in the field of ERISA class action litigation, and has handled numerous large actions of this type. The firm's substantial experience and outstanding track record are ample evidence to refute the claim that it lacks either the experience or the resources necessary to vigorously prosecute this litigation on behalf of the class. Indeed, there is absolutely no need for a complex, four-firm leadership structure in this case. Izard Nobel, together with proposed liaison counsel, can handle the case both effectively and efficiently.

---

[8] Plaintiffs Rinehart and Fong state that they are "more attentive to detail" because they cite the 2008 11-K rather than the 2007 11-K in the later of the two complaints filed. Rinehart/Fong Opp. Br., at 5. They fail to explain, however, why this "detail" makes a difference, since they are not claiming that the terms of the Plan changed over the course of the Class Period.

### C.   Interim Liaison Counsel

The leadership structure proposed by Plaintiff Buzzo includes an outstanding New York firm, Sarraf Gentile, as liaison counsel.  As described more fully in the Buzzo Brief, Sarraf Gentile has substantial experience prosecuting ERISA class actions, and has been active and engaged in preparing this case as well.[9]

### III.   CONCLUSION

For the foregoing reasons, Plaintiff Buzzo respectfully requests that the Court appointing her as Interim Lead Plaintiff, appoint Izard Nobel as Interim Lead Counsel pursuant to FED. R. CIV. P. 23(g), and appoint Sarraf Gentile as Interim Liaison Counsel.  Furthermore, and for the same reasons, Plaintiff Buzzo requests that the Court deny the competing motions by Plaintiffs DeSousa, Rinehart and Fong.[10]

---

[9] DeSousa makes the argument that Milberg should be appointed, in part, because its main office is in this District.  DeSousa Br., at 16.  The argument scarcely deserves mention.  Proximity to the courthouse is simply not a factor for consideration under Rule 23(g), nor should it be.  That a firm such as Milberg, with a nationwide practice, would make such an argument, is surprising.  In any event, Milberg's claim that this will "increase efficiency and reduce expenses by eliminating the need for local counsel" (DeSousa Br. at 16) is clearly belied by the four-firm leadership structure proposed by DeSousa.  Rinehart and Fong make a similar argument.  Rinehart/Fong Opp. Br., at 5.  However, as both the Buzzo and Rinehart/Fong motions propose leadership structures involving two law firms, there is no increased efficiency in the leadership structure proposed by Rinehart and Fong.  Moreover, if travel costs are a concern, that issue can be resolved as a part of any fee and expense application.

[10] As Plaintiff Buzzo's motion is now fully briefed, in accordance with this Court's Individual Practices, counsel states that over the course of the next six weeks, there is only one Monday morning that Attorney Izard is not available for oral argument:  August 25, 2008.

DATED: July 30, 2008                  Respectfully submitted,

                                                   **SARRAF GENTILE LLP**

By:   /s/ Ronen Sarraf
       Ronen Sarraf
       Joseph Gentile
       11 Hanover Square, 2nd Floor
       New York, NY 10005
       Telephone: (212) 868-3610
       Facsimile: (212) 918-7967
       ronen@sarrafgentile.com
       joseph@sarrafgentile.com

       Robert A. Izard
       Wayne T. Boulton
       **IZARD NOBEL LLP**
       20 Church St., 17th Floor
       Hartford, CT 06103
       Telephone: (860) 493-6292
       Facsimile: (860) 493-6290
       rizard@izardnobel.com

       Major Khan
       **MAJOR KHAN LLC**
       20 Bellevue Terrace
       Weehawken, NJ 07086
       Telephone: (646) 546-5664
       Facsimile: (646) 546-5755
       mk@mk-llc.com

## CERTIFICATE OF SERVICE

    I hereby certify that on July 30, 2008 a true and correct copy of the foregoing motion and accompanying papers were electronically filed using the Court's ECF system which will send a notification of such filing to all users of the ECF system.

                                                                                                                       /s/ Ronen Sarraf