**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEX E. RINEHART, On Behalf of Himself And All Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>LEHMAN BROTHERS HOLDINGS INC., RICHARD S. FULD, JR., MICHAEL L. AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, SIR CHRISTOPHER GENT, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, ERIN M. CALLAN, WENDY M. UVINO, THE EMPLOYEE BENEFIT PLANS COMMITTEE, and JOHN DOES 1-10,<br><br>       Defendants. | **Civil Action No. 08cv5598 (LAK)** |

[Additional Captions Follow]

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' JOINT MOTION TO CONSOLIDATE ERISA CASES, TO APPOINT INTERIM CLASS CO-COUNSEL, AND FOR ENTRY OF PRETRIAL ORDER NO. 1, AND IN OPPOSITION TO PLAINTIFF MARIA DESOUSA'S MOTION FOR (1) CONSOLIDATION, (2) APPROVAL OF THE PROPOSED LEADERSHIP STRUCTURE, (3) ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1 AND (4) RESPONSE IN OPPOSITION TO THE RESPECTIVE COMPETING MOTIONS OF PLAINTIFFS RINEHART/FONG AND PLAINTIFF BUZZO**

| | |
|---|---|
| JO ANNE BUZZO, On Behalf of Herself And All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>LEHMAN BROTHERS HOLDINGS INC., WENDY M. UVINO, LEHMAN BROTHERS HOLDINGS INC. EMPLOYEE BENEFIT PLANS COMMITTEE, JOHN DOES 1-10, HENRY KAUFMAN, JOHN F. AKERS, ROGER S. BERLIND, MARSHA JOHNSON EVANS, and ROLAND A. HERNANDEZ,<br><br>      Defendants. | **Civil Action No. 08cv6245 (LAK)** |
| MONIQUE MILLER FONG, On Behalf of Herself And All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>LEHMAN BROTHERS HOLDINGS INC., RICHARD S. FULD, JR., MICHAEL L. AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, SIR CHRISTOPHER GENT, JERRY A. GRUNDHOFER, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, ERIN M. CALLAN, WENDY M. UVINO, THE EMPLOYEE BENEFIT PLANS COMMITTEE, and JOHN DOES 1-10,<br><br>      Defendants. | **Civil Action No. 08cv6282 (LAK)** |

[Additional Caption Follows]

| | |
|---|---|
| MARIA DESOUSA, On Behalf of Herself And All Others Similarly Situated,<br><br>                             Plaintiff,<br><br>    vs.<br><br>LEHMAN BROTHERS HOLDINGS INC., RICHARD S. FULD, JR., ERIN M. CALLAN, WENDY M. UVINO, MICHAEL L. AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA J. EVANS, SIR CHRISTOPHER GENT, JERRY A. GRUNDHOFER, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, THE EMPLOYEE BENEFIT PLAN COMMITTEE, THE COMPENSATION AND BENEFITS COMMITTEE, and JOHN DOES 1-20,<br><br>                             Defendants. | **Civil Action No. 08cv6626 (UA)** |

Plaintiffs Alex E. Rinehart and Monique Miller Fong ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this Reply Memorandum of Law in Further Support of Plaintiffs' Joint Motion to Consolidate ERISA Cases, to Appoint Interim Class Co-Counsel, and for Entry of Pretrial Order No. 1, and in Opposition to Plaintiff Maria DeSousa's Motion for (1) Consolidation, (2) Approval of the Proposed Leadership Structure, (3) Entry of [Proposed] Pretrial Order No. 1 and (4) Response in Opposition to the Respective Competing Motions of Plaintiffs Rinehart/Fong and Plaintiff Buzzo.

## I.   INTRODUCTION

As Plaintiffs argued in their initial memorandum of law, and further clarified in their opposition to Plaintiff Buzzo's motion, Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Gainey & McKenna (collectively, the "Wolf/McKenna Group") amply satisfies the requirements of Rule 23(g)(1) for appointment as interim class co-counsel. The Wolf/McKenna Group has performed significant work in this case, have extensive experience in ERISA and class action litigation, and will commit the resources necessary to represent the Class. They are also superior to Izard Nobel LLP and Sarraf Gentile LLP (collectively the "Izard/Sarraf Group") because the Wolf/McKenna Group was the first to file any of the Lehman ERISA actions, and was followed in virtually every significant aspect of this litigation by the Izard/Sarraf Group. For these same reasons, the Wolf/McKenna Group is superior to the cumbersome and unwieldy two-tiered, four-firm leadership structure proposed by Plaintiff DeSousa (Milberg LLP ("Milberg") and Zimmerman Reed P.L.L.P. ("Zimmerman") as proposed lead counsel, with Lockridge Grindal Nauen P.L.L.P. ("Lockridge"), and Harwood Feffer LLP ("Harwood") as Executive Committee members) (collectively the "Milberg/Zimmerman Group"). Plaintiff DeSousa did not file a complaint until July 25, 2008, more than month *after* Gainey & McKenna filed the *Rinehart* action. The Milberg/Zimmerman Group filed the *fourth*

of the related cases herein, and only filed their case after issuing a press release.[1] Their leadership proposal comes well after the other plaintiffs have moved, with the Wolf/McKenna Group leading that effort. The Wolf/McKenna Group is also superior to the Milberg/Zimmerman Group because theirs is a more efficient leadership structure. The Milberg/Zimmerman Group fail to explain why a two-tiered, four-firm leadership structure is appropriate, nor have they demonstrated how the four firms will be able to work efficiently and without duplication.

For these reasons, and those further articulated below, Plaintiffs respectfully request that their motion be granted in all respects.

## II.    ARGUMENT

### A.    The Wolf/McKenna Group Has Demonstrated Its Superiority In Its Leadership In This Action

Gainey & McKenna, who filed the first of these related actions, and its co-movant Wolf Haldenstein, have vigorously and conscientiously trail-blazed the prosecution of this action long before the appearance of any of the other movants, and has since moved the case along expeditiously.[2] Courts generally begin with a presumption that the firm that filed the first such

---

[1] Milberg filed a press release on June 18, 2008, over a month before the filing of the *DeSousa* Complaint and presumably before they had a client in the case. *See* Reply Declaration of Mark C. Rifkin in Further Support of Plaintiffs' Joint Motion To Consolidate ERISA Cases, To Appoint Interim Class Co-Counsel, And For Entry Of Pretrial Order No. 1 ("Rifkin Reply Decl."), Exhibit A. Interestingly, Izard Nobel also filed a press release on June 23, 2008, investigating claims against Lehman weeks before the filing of the *Buzzo* Complaint on July 10, 2008, and presumably before they had retained a client. *See* Rifkin Reply Decl., Exhibit B. Finally, Harwood issued a press release on June 24, 2008 announcing its investigation of ERISA claims against Lehman approximately a month before the filing of the *DeSousa* Complaint, again presumably before Harwood had retained a client. *See* Rifkin Reply Decl., Exhibit C.

[2] Rather than overburden the Court, and in the interests of efficiency, we incorporate here by reference Plaintiffs' arguments in this regard from: (1) The Wolf/McKenna Group's Memorandum of Law in Support of Plaintiffs' Joint Motion to Consolidate ERISA Cases, to Appoint Interim Class Co-Counsel, and for Entry of Pretrial Order No. 1 ("Plaintiffs' Br.") *Rinehart v. Lehman Brothers Holdings Inc.*, 08 cv 5598 (S.D.N.Y. July 25, 2008) ("*Rinehart* Action") (D.I. 19); and (2) Plaintiffs' Memorandum of Law in (continued…)

case should lead the litigation. *See, e.g., In re DHB Indus., Inc. Derivative Litig.*, Case No. CV-05-4345, Report and Recommendation at 26 (E.D.N.Y. Jan. 9, 2006) (D.I. 45) (*see* Rifkin Reply Decl., Exhibit D) (adopted in full by United States District Judge Joanna Seybert on January 31, 2006) ("Further, plaintiff Huston was the first of the derivative plaintiffs to file his complaint, which, while not a dispositive factor, merits consideration where, as here, both movants appear to be capable of fairly and adequately representing the shareholders"). The Izard/Sarraf Group errs in arguing that Gainey & McKenna's filing of the first complaint should be afforded no weight by this Court. *Buzzo* Opp./Reply Br.[3] at 8 n. 6. The Wolf/McKenna Group is at least as well qualified as the Izard/Sarraf Group and the Milberg/Zimmerman Group, the Wolf/McKenna Group filed the first Complaint, and they have been consistently at the forefront of this litigation ever since.

The Wolf/McKenna Group's leadership should factor into this Court's consideration of appointment of counsel to litigate these actions.

     **B.**     **The Wolf/McKenna Group Is Superior To**
              **The Other Competing Leadership Structures**

Even beyond the Wolf/McKenna Group's filing of the first Complaint and its track record thus far in the litigation, it is superior to the other competing leadership structures, for the reasons discussed below.

---

(…continued)
Opposition to Plaintiff Jo Anne Buzzo's Motion for Consolidation of Related Actions and for Appointment of Interim Lead Plaintiff, Interim Lead Counsel and Interim Liaison Counsel ("Plaintiffs' Opp. Br."), *Rinehart* Action, (D.I. 25).

[3] *Rinehart* Action, (D.I. 29).

### 1. The Wolf/McKenna Group is Superior to the Milberg/Zimmerman Group

While there are instances where the approval of multiple lead counsel may expedite litigation, *see, e.g., In re Oxford Health Plans, Inc. Secs. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Wells Fargo Sec. Litig.*, 156 F.R.D. 223, 226 (N.D. Cal. 1994), the Milberg/Zimmerman Group fail to demonstrate why this case requires an unwieldy two-tiered, four-firm leadership structure, comprised of both co-lead counsel and an Executive Committee. The appointment of four firms to litigate this action would be inefficient, lead to unnecessary and unavoidable duplication and waste, and needlessly increased attorneys' fees for the Class. The Milberg/Zimmerman Group fails to demonstrate otherwise. *See*, *e.g., In re Milestone Scientific Sec. Litig.*, 187 F.R.D. 165, 176 (D.N.J. 1999) (warning against the "potential for duplicative services and the concomitant increase in attorneys' fees" and characterizing the "litigation by committee" approach to litigating class actions possibly "unnecessary and wasteful"); *Vincelli v. National Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1318-19 (M.D. Fla. 2000) ("[i]t appears that the appointment of an executive committee consisting of five firms will not promote the efficient prosecution of this case, and is not warranted.")

There is no need for four firms to serve in a leadership capacity in this case. The streamlined leadership structure of Wolf Haldenstein and Gainey & McKenna (who collaborate regularly on various matters and have experience in working together, and allocating tasks, so as to minimize redundancy) provides sufficient resources (both financially and in terms of available personnel) to litigate the action vigorously, yet will be able to achieve an efficiency that the Milberg/Zimmerman Group necessarily lacks by virtue of its size.

The Milberg/Zimmerman Group argues that it possesses experience and resources that the Wolf/McKenna Group lacks. DeSousa Br.[4] at 24. Respectfully, the Milberg/Zimmerman Group does not. The extensive experience and expertise of Wolf Haldenstein and Gainey & McKenna are set forth at length in their moving papers and need not be repeated here. The Wolf/McKenna Group has extensive experience in ERISA and other class action litigation, and unquestionably possesses the requisite resources to vigorously litigate this action.[5]

### 2. The Wolf/McKenna Group is Superior to the Izard/Sarraf Group

The Izard/Sarraf Group persist in their argument that an interim lead plaintiff be appointed, reiterating their fundamental misunderstanding the nature of ERISA versus securities actions. Indeed, none of the examples which the Izard/Sarraf Group cite where an interim lead plaintiff was appointed (*Buzzo* Opp./Reply Br. at 3-4) contains *any* discussion why one might be necessary or advantageous. On the contrary, Judge Sweet dealt with this very issue earlier this year, in *In re Morgan Stanley ERISA Litig.*, No. 07-11285 (S.D.N.Y. 2007), where Milberg and Harwood argued for the appointment of an interim lead plaintiff,[6] and Wolf Haldenstein argued, as it does here, that an interim lead plaintiff was neither warranted nor necessary.[7] In Pre-Trial

---

[4] *Rinehart* Action (D.I. 23).

[5] Plaintiff Buzzo's argument in this regard, that is possesses experience that the Wolf/McKenna Group lacks, similarly fails. *Buzzo* Opp./Reply Br. at 4. If anything, Izard Nobel's claim that it "has been a pioneer in litigating ERISA class actions against fiduciaries of 401(k) plans that invest plan assets in artificially inflated company stock…", *id.*, is certainly not evident in its performance in this action thus far. Quite simply, they have been following the lead of the Wolf/McKenna Group at every turn.

[6] *See* Memorandum of Law in Support of Plaintiff C. Kenneth Coulter's Motion for Consolidation, Appointment as Interim Lead Plaintiff and Interim Co-Lead Counsel at 6-7, *In re Morgan Stanley ERISA Litig.*, No. 07-11285 (S.D.N.Y. Jan. 9, 2008) (D.I. 14), a copy of which is attached to the Rifkin Reply Decl. as Exhibit E.

[7] *See* Memorandum of Law (1) in Opposition to the Motion of C. Kenneth Coulter for Appointment as Interim Lead Plaintiff and Milberg Weiss LLP and Harwood Feffer LLP as Interim Co-Lead Counsel; and (2) in Support of the Motion of Plaintiff Carolyn Egan and John Siefken for Consolidation of the Actions (continued…)

Order No. 1 Consolidating the Actions and Appointing Interim Class Counsel (D.I. 26), ¶ 12, Judge Sweet held, "[t]he Court finds it unnecessary to appoint any interim lead plaintiff at this time. The Court shall make a final determination regarding the identity of any Class Representative pursuant to a motion for class certification or otherwise as the Court deems necessary and appropriate." *See* Rifkin Reply Decl., Exhibit G.[8]

The Izard/Sarraf Group also argues that the *Buzzo* Complaint is superior, which weighs in favor of their appointment. The Izard/Sarraf Group argues that the *Buzzo* Complaint references not only the Plan's imprudent investments in Lehman stock, but also that it was imprudent for them to continue to invest Fund assets in Lehman stock, whereas the Complaints filed by the other movants refer only to the Plan's imprudent investments in Lehman stock. *Buzzo* Reply Br. at 8. The Izard/Sarraf Group's argument is factually flawed. Both the *Rinehart* and *Fong* Complaints reference the imprudence of allowing the Plan to continue offering Lehman Stock as an investment alternative for the Plan, **and** of continuing to invest the assets of the Plan in Lehman Stock when it no longer was prudent to do so. *See, e.g., Rinehart* Complaint at ¶ 107, *Fong* Complaint at ¶ 108. The Izard/Sarraf Group's misguided attempt to portray their Complaint as superior to the *Rinehart* and *Fong* Complaints in this regard is specious.[9]

---

(…continued)
and Appointment of Wolf Haldenstein Adler Freeman & Herz LLP and Schiffrin Barroway LLP as Interim Class Counsel, at 3-5, *In re Morgan Stanley ERISA Litig.*, No. 07-11285 (S.D.N.Y. Jan. 25, 2008) (D.I. 20), a copy of which is attached to the Rifkin Reply Decl. as Exhibit F.

[8] The Izard/Sarraf Group urges that a lead plaintiff should be appointed "to avoid purely lawyer-driven litigation." *Buzzo* Opp./Reply Br. at 3. To be sure, the Wolf/McKenna Group is not advocating lawyer-driven litigation, and is confident that plaintiffs Rinehart and Fong will continue to play an active role in the litigation of these actions. Rather, the crux of the Wolf/McKenna Group's position is that the judicial construct of a "lead plaintiff" is purely one within the realm of the PSLRA and securities class actions, and has no application herein.

[9] The Izard/Sarraf Group also argues that its Complaint provides more detailed allegations setting forth the factual basis for the beginning of the Class Period, September 13, 2006, than the *Rinehart* and *Fong* (continued…)

Moreover, their lack of attention to facts undermines the argument that they are best able to serve in the leadership role they seek.

Finally, in response to Plaintiffs' argument that they are more attentive to detail, because the *Fong* Complaint cites Lehman's current Form 11-K, whereas the *Buzzo* Complaint cites the Form 11-K from a year ago (Pl. Opp. Br. at 5), the Izard/Sarraf Group argues that this does not make a difference because Plaintiffs "are not claiming that the terms of the Plan changed over the course of the Class Period." *Buzzo* Opp./Reply Br. at p.9, n. 8.  In fact, the new Form 11-K *is* significant, and Plaintiffs do claim that the terms of the Plan changed over the course of the Class Period, as is evident from the *Fong* Complaint.  The current Form 11-K references a December 2007 Plan restatement which, *inter alia*, "change[d] the investment direction of employer contributions from the Lehman Brothers Common Stock Fund to match the participant's investment elections for their employee contributions." *Fong* Complaint, ¶ 33.  As such, the terms of the Plan *did* change over the course of the Class Period.  Once again, Buzzo's counsel have not paid attention to facts, and their unawareness of this change is troubling.

---

(…continued)
Complaints. *Buzzo* Reply Br. at 8-9.  Plaintiffs respectfully submit that it is premature for the Court to decide the important leadership issue by splitting such hairs.  There is no suggestion from the Izard/Sarraf Group that the *Rinehart* and *Fong* Complaints are deficient in any respect, nor should there be.  The *Rinehart* and *Fong* Complaints sufficiently describe the contours of the Class Period, and additional details, if necessary, can be incorporated into a consolidated amended complaint, which the parties have agreed (in a stipulation that was filed today and is pending the Court's review) will be filed upon selection of interim class counsel, on such a schedule that this Court deems proper.  In any event, the Izard/Sarraf Group fails to describe, how, if at all, these allegations render them measurably more suited to lead these actions.

### III. CONCLUSION

For the foregoing additional reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Joint Motion to Consolidate ERISA Cases, to Appoint Interim Class Co-Counsel, and for Entry of Pretrial Order No. 1, and deny the competing motions for same.[10]

Dated: August 4, 2008                       Respectfully submitted,

**GAINEY & McKENNA**

/s/ Thomas J. McKenna
Thomas J. McKenna
295 Madison Avenue
New York, NY 10017
Tel: (212) 983-1 300
Fax: (212) 983-0383

*Attorneys for Plaintiff Rinehart and Proposed Interim Class Co-Counsel*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

/s/ Mark C. Rifkin
Mark C. Rifkin
Scott J. Farrell
270 Madison Ave.
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 545-4653

*Counsel for Plaintiff Monique Miller Fong and Proposed Interim Class Co-Counsel*

517130

---

[10] As Plaintiffs' motion is now fully briefed, in accordance with this Court's Individual Practices, counsel states that over the course of the next six weeks, there is only one Monday morning that Attorney Rifkin is not available for oral argument: August 11, 2008.